320 P.2d 948

Maria Z. FERNANDEZ, Jesus Zorrilla, Isabel Z. Fernandez, Manuel Zorrilla, J. E. Fritz, and Hester Fritz, Appellants,

v.

Emma GARZA aka Emma Zorrilla, Appellee.

No. 6309.

Supreme Court of Arizona.

Feb. 5, 1958.

Chester J. Peterson, Phoenix, for appellants.

Garland & Sanders, Las Cruces, N. M., for appellee.

WINDES, Justice.

In June, 1950, appellee Emma Garza filed a complaint against Maria Z. Fernandez, administratrix of the estate of Gerardo Zorrilla, deceased, in substance claiming a one-half interest in certain real and personal property acquired through the joint efforts of herself and the decedent and claiming a lien on certain property by reason of there having been expended their joint funds in improving such property. After a summary judgment in favor of administratrix, the case came to this court and we reversed and remanded for trial. Garza v. Fernandez, 74 Ariz. 312, 248 P.2d 869. Pending this appeal the defendant administratrix submitted to the probate court her final account and petition for decree of distribution securing from that court a decree distributing the property involved in the litigation to the heirs (the administratrix is an heir) as the property of decedent's estate. She likewise secured her discharge as administratrix.

Following the action of the probate court Emma Garza, the plaintiff in the pending suit against the administratrix, filed an independent suit against the heirs who received the distribution asking that the decree of the probate court approving the final account and distributing the estate be set aside, alleging the pending litigation in the superior court and the fraudulent failure of the administratrix to advise the probate court thereof; that the plaintiff was not a party to the probate proceeding and did not

320

learn of the distribution of the estate until after the expiration of the time for taking an appeal therefrom; and that as a result of the fraudulent acts of the administratrix, plaintiff's rights in the property were distributed to the defendant heirs and the mandate of this court that the pending suit be tried was rendered unenforceable. The trial court vacated the decree. The validity of the court's judgment in setting aside the final account and decree of distribution is the question presented.

The principal argument of appellee is that the effect of the probate court's action in distributing the property in some way interferes with her right to have her interest therein effectively adjudicated by a continuance of the litigation against the administratrix after closing the estate. Certainly, a court of equity offers a remedy to one who has by reason of fraud been deprived of his legitimate rights in estate property, but here the claimed rights of appellee are based upon the theory that a portion of the property administered by the probate court was hers as owner. She is not claiming to be an heir or a creditor of the estate but as a stranger she claims ownership of part of the property which the administratrix has represented as the property belonging to the estate. The probate court can do nothing effectively concerning such a claim. A dispute of this nature cannot be decided by the probate court. Its judgment in that respect is a complete nullity for lack

of jurisdiction. Horne v. Blakely, 35 Ariz. 39, 274 P. 173. If in fact some of appellee's property is embodied in the decree of distribution, to that extent it is a nullity, Jent v. Brown, Okl., 280 P.2d 1005, and through the appropriate remedy in a court of general jurisdiction proper relief may be had.

Appellee argues that the court of equity should set aside the decree of distribution and the order discharging the administratrix for the reason that it would operate in some way to dissipate the pending suit against the administratrix and render the mandate of this court in Garza v. Fernandez, supra, unenforceable. There is nothing to this contention. A decree of distribution and discharge of administratrix do not dissolve a pending suit of this nature. A decree of distribution of the probate court cannot conclude rights to be adjudicated concerning ownership by a stranger of property distributed. In re Dabney's Estate, 37 Cal.2d 672, 234 P.2d 962.

The final account and decree of distribution settled many matters and should not be set aside unless such action is imperative in order to protect appellee's rights. All of appellee's claimed rights can be protected through the final determination of the pending suit against the administratrix as the representative of the estate and all parties interested therein. In re Hanson's Estate, 126 Cal.App.2d 71, 271 P.2d 563. We fail to perceive how setting aside

the probate decree can aid the appellee and its existence can in no way prejudice her rights to establish ownership in the property involved.

Judgment reversed.

UDALL, C. J., and PHELPS and STRUCKMEYER, JJ., concur.

JOHNSON, J., did not participate in the determination of this appeal.