354 P.2d 260

Maria Z. FERNANDEZ, Administratrix of the Estate of Gerardo ZORRILLA, Deceased, Appellant and Cross-Appellee,

v.

Emma GARZA, also known as Emma Zorrilla, Appellee and Cross-Appellant.

No. 6573.

Supreme Court of Arizona.

July 19, 1960.

Rehearing Denied Sept. 26, 1960.

Rawlins, Davis, Christy, Kleinman & Burrus, Phoenix, for appellant and cross-appellee.

Garland, Sanders & Martin, Las Cruces, N. M., for appellee and cross-appellant.

HERBERT F. KRUCKER, Superior Court Judge.

Emma Garza, plaintiff in the court below, brought suit against Maria Zorrilla Fernandez, administratrix of the estate of Gerardo Zorrilla, to recover certain prop-

erty from the defendant, predicated on an alleged agreement with the deceased Zorrilla. Judgment was entered against the defendant, fixing the plaintiff's recovery in the sum of $17,476.12, and from such judgment defendant appeals. Plaintiff also cross-appeals to correct the judgment in certain particulars hereinafter stated. Both the subject-matter and the parties to the present appeal are not new, the same having been twice before the court in Garza v. Fernandez, 74 Ariz. 312, 248 P.2d 869, and Fernandez v. Garza, 83 Ariz. 318, 320 P.2d 948.

The facts material to the determination may be stated as follows: Plaintiff's husband died in 1921, leaving her a house and $3,000. In 1938, she entered into an agreement with Gerardo Zorrilla that she would take care of his property, including collecting the rents, cleaning when tenants moved and keeping the houses in repair, and that they would divide equally all rents collected and everything else. Thereafter, plaintiff moved into Zorrilla's home and shortly afterward entered into a meretricious relationship which continued until Zorrilla's death on August 14, 1949.

In 1941, when plaintiff moved in with Zorrilla, she rented her own home for $25 a month for three months; then with her own funds remodeled it into two apartments, thereafter renting them for $30 a month each. In June of 1943, she purchased a house on Sixth Street in Clifton, Arizona, for $3,251.50, using her own money. Zorrilla purchased four houses in Clifton in 1941 with his individual funds, and title was taken in his name. In December of 1941, four apartments were added to the house in which they lived. These were completed in January or February of 1942. In that same year, Zorrilla built another house at a cost of $2,900. The rental money from all these houses was placed in Zorrilla's account in a bank in Safford, Arizona.

At the time of Zorrilla's death, the accumulation of the property of the deceased and the plaintiff, under their agreement, was found by the trial court to be $34,952.-25, one half of which by its judgment the court directed to be paid over to the plaintiff from the assets of the Zorrilla estate. This sum amounted to $17,476.12.

■ Defendant advances five assignments of error supported by three propositions of law. Proposition of Law No. 1 in essence urges that the court below lacked jurisdiction of the subject matter, and accordingly the action should have been dismissed. This proposition is bottomed on A.R.S. § 14–570, formerly § 38–1003, A.C.A. 1939, which provides that all claims arising upon contract shall be presented to the executor or administrator within the time limited in the notice and any claim not so presented shall be barred forever. It is, of course, true that if a claim against an

estate is not presented in the time and in the manner prescribed by the statute, it is barred. Latham v. McClenny, 36 Ariz. 337, 285 P. 684.

 The appellee answers, however, that the subject-matter of the suit is not such a claim as is contemplated by the statute for the reason that the trial court found an agreement between plaintiff and decedent to work together to acquire property for their joint benefit and to divide all the profits made therefrom equally. Clearly, this finding establishes the essential elements of a partnership. As to partnership assets in the hands of the administrator of a deceased partner, this court has followed the theory that they are trust funds and therefore not part of the assets of an estate; they are held not as part of the estate, but in trust for the surviving partner. Franklin v. Trickey, 9 Ariz. 282, 80 P. 352; In re Baxter's Estate, 22 Ariz. 91, 194 P. 333. No presentation of a claim is necessary and the statute of non-claims has no application.

 Defendant contends by her second and third propositions of law that where there is no evidence to sustain the plaintiff's case, the court should enter judgment for the defendant notwithstanding the verdict of the jury for the reason that the court may not assume facts upon which to base its judgment. It is argued that there was no evidence to support the finding of a partnership agreement. We think the evidence is sufficient to support such a finding. For example, Mrs. Rufina Mota testified:

"Q. What did Mr. Zorrilla say, in the presence of Mrs. Garza, what she was to receive? A. He told me about how good she was in managing their business but that it would be eventually her own interest because she was to receive half of what they made.

"Q. Half of what they made from what? A. From the business of the rentals.

"Q. He tell you that more than once? A. Yes."

Other evidence supports such a finding:

 It has been said repeatedly by this court,

"'* * * Our duty, on appeal, begins and ends with the inquiry whether the trial court had before it evidence upon which an unprejudiced mind might reasonably have reached the same conclusion which was reached.'" Smith v. Connor, 87 Ariz. 6, 347 P.2d 568, 570; Murillo v. Hernandez, 79 Ariz. 1, 281 P.2d 786.

But defendant argues that the partnership agreement was based on an illegal consideration in that as part of the agreement Mrs. Garza was to live with Zorrilla as man and wife. The trial court found that the partnership agreement did not include

as part of the consideration that Mrs. Garza and Zorrilla would live and cohabit together as man and wife. This finding of fact is supported by substantial evidence, as for example, Mrs. Garza's testimony that the agreement to work together and divide the property was made before the meretricious relationship was established. It is the established law of the case that the fact that the parties engaged in a meretricious relationship does not bar either from asserting against the other such claims as would be otherwise enforceable. Garza v. Fernandez, 74 Ariz. 312, 248 P.2d 869.

Appellant attacks the court's finding "that the sum of $34,952.25 was accumulated by the parties under the terms of the agreement and was in existence at the time of the death of the said Gerardo Zorrilla." The evidence of the actual accumulation during the existence of the partnership is so nebulous in some respects that it is impossible to arrive at a certain figure. This does not mean, however, that Mrs. Garza is to be denied all relief. The evidence does show that all the money from the rentals was initially turned over to Zorrilla and deposited to his account in a bank. Accordingly, he had exclusive control of the partnership funds which he invested and reinvested. The evidence also shows that from time to time he gave Mrs. Garza money for payment of utilities and other household expenses.

It is, of course, the commonly accepted rule that an action lies in favor of one member of a partnership against another who receives and refuses to account for proceeds of the partnership property. 1 Am.Jur., Accounts and Accounting, 294, § 45. An action also lies to recover an amount due from the estate of a deceased partner by reason of the conversion of the assets by the representative of the deceased partner. York v. Beck, Cal.App., 118 P.2d 316; Algeo v. Algeo, 125 Kan. 245, 263 P. 1077. In this state, specifically by statute, A.R.S. § 29–222, a partner has the right to an accounting as to partnership affairs whenever circumstances render it just and reasonable. In the instant case, Fernandez, as administratrix, defended this action primarily on the ground of a want of partnership relation. No attempt was made to render an accounting, although, as stated, she was called upon to do so in the pleadings. Mrs. Garza established that the total partnership receipts over the years could have been $43,500. The jury found in answer to a special interrogatory that the parties accumulated under the agreement $39,181. However, in moving for judgment according to the verdict of the jury, it was the opinion of the plaintiff that the proof reflected no more than the sum of $34,952.-25. The trial court accepted this amount as the accumulation of the parties under the agreement, and ordered the sum of $17,476.12 set over to Mrs. Garza as her

**220**

share of the property held in the hands of Fernandez as administratrix of the estate of Gerardo Zorrilla.

▇▇▇▇ The defendant urges that since it cannot be ascertained exactly how the sum of $34,952.25 was derived, the judgment cannot stand; but we do not think that is a sufficient reason to upset the judgment. In Mollohan v. Christy, 80 Ariz. 141, 294 P.2d 375, where the parties were joint adventurers, we said that the plaintiff who had placed his affairs in the hands of the defendant was entitled to an accounting and the burden was on the defendant to support with competent evidence the disbursements made. This is in accordance with the rule that since a managing partner occupies a position analogous to that of trustee, he is charged with the burden of making a faithful and true accounting. Bass v. Daetwyler, Mo.App., 305 S.W.2d 339. It has also been held that the burden of producing evidence at a trial should be shifted once it is shown that the defendant's control over the accounts was exclusive. Wilson v. Moline, 229 Minn. 164, 38 N.W. 2d 201.

▇▇▇▇ We believe that the correct rule of law to apply in the instant case is stated in Sweatt v. Johnson, 97 Vt. 177, 122 A. 501, 503–504:

"* * * in the absence of special circumstances taking the case out of the ordinary rule, the plaintiff had the burden of furnishing sufficient evidence to enable the court to state the account.

"Coupled with this general rule, * * is the rule that it is the duty of each partner to keep an accurate account of his transactions with or for the partnership. This duty rests primarily on a partner having the management of the partnership business. * * * If a party to an action for a partnership accounting has failed to perform his duty in this regard, all doubts respecting particular items will ordinarily be resolved against him."

There were seemingly no complete books of account and no records kept. Zorrilla had but the one bank account, and if he had property separate and distinct from that of the partnership as it is argued, it was so hopelessly commingled by investing and reinvesting the funds deposited in the account that no certain determination can be presently made. The statement of the Court in Glazer v. Kurman, 384 Pa. 283, 120 A.2d 892, 894, is applicable here:

" 'Defendant kept the books of the company and he alone had the power to draw checks. He mingled partnership funds and personal funds in one bank account and, on this one account, drew checks to pay both partnership obligations and his own personal obligations. It requires no citation of authority to support the proposition

that defendant's conduct amounted to a breach of the fiduciary duty which one partner owes to another. Because the tangled financial state of the partnership was brought about by defendant's wrongful conduct the chancellor should and will resolve all financial ambiguities against the defendant.' "

Here, where the plaintiff, Garza, established that the rentals from the properties totalled a possible $43,500, and that certain deductions would necessarily occur by virtue of vacancies and expenses in re-renting, it was not improper for the trial court to fix the total accumulation at $34,852.25 as the best possible calculation of the amount due.

 What has been said up to this point is sufficient to dispose of the appeal; the only further question concerns the cross-appeal. The issue on the cross-appeal is whether the court should have granted plaintiff's motion to amend the judgment. The portion of the judgment under consideration reads:

"It Is, Therefore, by the Court, Ordered, Considered, Adjudged and Decreed that there be set over to the plaintiff as her share of the *property of said estate* the sum of $17,476.12 and that Maria Z. Fernandez, Administratrix of the Estate of Gerardo Zorrilla, deceased, be and she is hereby directed to pay to the plaintiff *from the*

*assets of said estate* said sum of $17,476.12; that the plaintiff have a judgment against said Administratrix for said sum of $17,476.12, and said plaintiff is hereby given a lien on all the assets of said estate to secure her in the payment of said sum of $17,476.12 together with her costs." (Emphasis supplied.)

The amendment asked for reads:

"* * * that there be set over to the plaintiff as her share of the money or property *accumulated by the parties under the terms of the agreement* the sum of $17,476.12, now held by the defendant, and that Maria Z. Fernandez, Administratrix of the Estate of Gerardo Zorrilla, deceased, be and she is hereby directed to pay to the plaintiff said sum of $17,476.12, and that plaintiff have judgment against the said defendant-administratrix for said sum of $17,476.12, and that said plaintiff is hereby given a lien on all of the assets of said estate to secure her in the payment of said sum of $17,476.12, together with her costs." (Emphasis supplied.)

Plaintiff based her motion on Rule 60, Rules of Civil Procedure, 16 A.R.S., which permits the correction of clerical mistakes. We do not see how Rule 60 applies in this case where the change in the judgment would hardly be called "clerical". Rule

**222**

59(1) allows motions to alter or amend judgments, but such motions must be made within 10 days "after entry of judgment". The lower court entered its judgment on July 12, 1957, and the plaintiff made this motion on October 1, 1957. Rule 59(1) serves the cause of justice by requiring an end to litigation, and must be strictly followed. We observe that Mrs. Garza is not without a remedy. We said in Fernandez v. Garza, 83 Ariz. 318, 320 P.2d 948, 950:

> " * * * If in fact some of appellee's [Mrs. Garza's] property is embodied in the decree of distribution, to that extent it is a nullity, Jent v. Brown, Okl., 280 P.2d 1005, and through the appropriate remedy in a court of general jurisdiction proper relief may be had."

The judgment of the court below is in all respects affirmed.

STRUCKMEYER, C. J., and PHELPS and BERNSTEIN, JJ., concur.

JOHNSON, J., having disqualified himself, the Honorable HERBERT F. KRUCKER, Judge of the Superior Court of Pima County, Arizona, was called to sit in his stead and participate in the determination of this appeal.

UDALL, J., who originally participated in the determination of this appeal is deceased.