380 P.2d 778

Maria Z. FERNANDEZ, individually and as Administratrix of the Estate of Gerardo Zorrilla, Deceased, Jesus Zorrilla, Isabel Z. Fernandez, Manuel Zorrilla, Joe DeLeon and Jane Doe DeLeon, his wife, and Tom Merrill and Jane Doe Merrill, his wife, Appellants and Cross-Appellees.

v.

Emma GARZA, also known as Emma Zorrilla, Appellee and Cross-Appellant.

No. 7441.

Supreme Court of Arizona.

En Banc.

April 17, 1963.

Christy, Kleinman, Peterson & Hoyt, Phoenix, for appellants and cross-appellees.

Garland & Martin, E. Forrest Sanders, William W. Bivins, Las Cruces, N. M., for appellee and cross-appellant.

PATTERSON, Superior Court Judge (retired).

Appellants were defendants in a suit in two counts to foreclose a judgment lien and for a money judgment. Both plaintiff and

**320**

defendants moved for summary judgment on both counts and the trial judge granted plaintiff's motion for summary judgment to foreclose the lien and denied all other motions. Defendants appeal from the granting of the summary judgment and the plaintiff cross appeals from the denial of his motion for summary judgment on his second count.

Plaintiff's cross-appeal is dismissed. A denial of a motion for summary judgment is not an appealable order. Kemble v. Porter, 88 Ariz. 417, 357 P.2d 155.

Plaintiff had been the partner of one Gerardo Zorrilla, deceased, who died intestate. The defendants are the heirs at law and the administratrix, who is also an heir. After the death of decedent, plaintiff filed a suit against the administratrix claiming one-half interest in the real and personal property in the assets of the estate. Before this suit could come to trial, the administratrix closed out the estate and a decree was entered distributing to the heirs all assets, including those claimed by the plaintiff. The administratrix was discharged and did not mention the pending suit in her final report.

Plaintiff then sued the heirs and administratrix to set aside the decree of distribution. The trial court set aside the decree. This court reversed the trial court and held that the decree did not affect the outcome of plaintiff's claim because:

"If in fact some of appellee's (plaintiff here) property is embodied in the decree of distribution, to that extent it is a nullity." Fernandez v. Garza, 83 Ariz. 318, 320, 320 P.2d 948, 950.

When the original lawsuit came to trial, the trial court awarded plaintiff $17,476.12 as her share of the partnership property and imposed a lien on all assets of the estate to secure payment. We affirmed in Fernandez v. Garza, 88 Ariz. 214, 354 P.2d 260.

Defendants admit that plaintiff's interest in the real and personal property of decedent was $17,476.12. They admit that they received the real property that was in the estate. Defendants' argument concisely stated that the courts are without power to give plaintiff what she concededly has coming to her. More technically, defendants contend: (1) That the lawsuit decided in the case of plaintiff v. the heirs, reported in 88 Ariz. 214, 354 P.2d 260, is res judicata of the issues herein; (2) that the lien imposed in the case reported in 83 Ariz. 318, 320 P.2d 948, is invalid as to the heirs as they were not parties to the suit; (3) the judgment entered after the decree of distribution in the estate made the issues herein moot; (4) that the action is barred by the statute of limitations; and (5) that the real property was not part of the assets of the estate as title immediately vested in the heirs upon the death of said deceased and the lien cannot be imposed against the

realty, even though the realty was included in the decree of distribution.

Only two of these contentions need be answered, and both of them can be answered by reference to the law of the case.

█ The first contention is that as the heirs were not parties to the original judgment lien suit, a lien cannot now be imposed on the property pursuant to that suit. The second is that the realty was never in the estate and title to it passed to them by operation of law.

The first argument is answered in Fernandez v. Garza, 83 Ariz. 318, 320, 320 P.2d 948, 950:

"A decree of distribution and discharge of administratrix do not dissolve a pending suit of this nature. A decree of distribution of the probate court cannot conclude rights to be adjudicated concerning ownership by a stranger of property distributed."

And again:

"If in fact some of appellee's property is embodied in the decree of distribution, to that extent it is a nullity." 83 Ariz. at 320, 320 P.2d at 950.

Thus, under the law of the case, so far as the heirs are concerned there was no decree of distribution and no decree of dissolution and discharge to the extent of the judgment against the administratrix. The suit against the administratrix was in her representative capacity. The heirs were just as much defendants to that suit as if they had been named in it.

"All of appellee's claimed rights can be protected through the final determination * * * against the administratrix *as the representative of the estate and all parties interested therein.*" 83 Ariz. at 320, 320 P.2d at 950. (Emphasis supplied.)

Any judgment obtained is binding upon the heirs.

█ We now answer the proposition that title to the real property passed to the heirs as a matter of law and was never a part of the estate even though improperly included as part of its assets in the decree of distribution. Assuming, without deciding, that this real property would not generally be part of the estate, it was the act of the administratrix, *representing the heirs,* who included the real property in the estate and who requested that decree of distribution include the real property.

Having requested the probate court to distribute the real property as part of the estate, having accepted this distribution as part of the estate, and having successfully appealed to this court to uphold the distribution, Fernandez v. Garza, 83 Ariz. 318, 320 P.2d 948, defendants are in no position to argue that the real property is not a part of the estate so far as satisfying the judgment in this case.

In Fernandez v. Garza, 88 Ariz. 214, 221, 354 P.2d 260, 265, we approved the judgment of the trial court as follows:

" 'It Is, Therefore, by the Court, Ordered, Considered, Adjudged and Decreed that there be set over to the plaintiff as her share of the *property of said estate* the sum of $17,476.12 and that Maria Z. Fernandez, Administratrix of the Estate of Gerardo Zorrilla, deceased, be and she is hereby directed to pay to the plaintiff *from the assets of said estate* said sum of $17,-476.12; that the plaintiff have a judgment against said Administratrix for said sum of $17,476.12, and said plaintiff is hereby given a lien on all the assets of said estate to secure her in the payment of said sum of $17,476.12 together with her costs.' (Emphasis supplied.)"

We hold that the law of the case is that: (1) The administratrix represented the heirs and that they are therefore parties defendant to that judgment; and (2) that the real property was part of the "property of said estate." The trial judge properly impressed and foreclosed the judgment lien.

Under the foregoing analysis, the other contentions of defendants are without merit.

Gerardo Zorrilla died in 1949. This is the fourth time this case has been brought to this court. There must be an end to litigation at some point. The court below is directed to proceed in accordance with this decision with the utmost dispatch.

Affirmed.

BERNSTEIN, C. J., and STRUCK-MEYER, JENNINGS and LOCKWOOD, JJ., concur.

NOTE: Vice Chief Justice UDALL, having disqualified himself, the Honorable W. E. PATTERSON, Superior Court Judge (retired), was called to sit in his stead and participate in the determination of this appeal.