435 P.2d 63

James O. LECKY and Sara E. Lecky, Appellants,

v.

Rex E. STALEY and E. J. O'Malley, Co-Executors of the Estate of J. N. Harber, deceased, the Estate of J. N. Harber, deceased, Irene Foley, Executrix of the Estate of Mary Harber, deceased, Arizona Title Insurance & Trust Company, a corporation, Appellees.

No. I CA–CIV 484.

Court of Appeals of Arizona.

Dec. 13, 1967.

Beer & Kalyna, by, Olgerd W. Kalyna, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, by, Charles Crehore and James Moeller, Phoenix, for appellee Foley.

Charles A. Stanecker, Phoenix, for appellees Staley, and O'Malley, Co-Executors of the Estate of J. N. Harber.

MOLLOY, Judge.

This litigation involves the division of profits made on the sale of certain real estate purchased in the name of J. N. Harber. The plaintiffs contend they are entitled to one half of all profits made, and appeal from a judgment which determines they are entitled only to one half of the interest of J. N. Harber in these profits, excluding his wife's interest, whatever it may have been.

Both J. N. Harber and his wife, Mary Harber, were deceased at the time of trial of this action, and each estate appears by court-appointed representative. The co-executors of the estate of J. N. Harber do not contest the right of the plaintiffs to full recovery.

The estate of Mary Harber contends that the denial of relief against it was proper because (1) no claim was filed by the plaintiffs in the probate of either es-

tate, (2) the probate court in the estate of J. N. Harber has adjudicated the real estate in question to be the community estate of J. N. Harber and wife, and (3) no relief was asked against the estate of Mary Harber in the complaint filed below.

The plaintiffs' cause of action arises from dealings between the plaintiff Lecky, a real estate broker, and Dr. J. N. Harber, which resulted in the purchase of the property in question by Dr. Harber, and the execution of a written agreement between Lecky and Harber in these words:

"That First party [Harber] has purchased certain real estate in Maricopa County, State of Arizona, described as follows:

[Legal Description]

"Second Party, as a real estate broker, located and secured said property and has foregone any commission for his services, and both parties desire to hold said property for improvement and investment for benefit of both.

"NOW THEREFORE, It is agreed as follows:

"Second Party shall oversee the surveying, laying out and planning of roads and other improvements on said Property that First Party deems advisable and directs Second Party to make. Second Party shall also oversee and supervise the operation of the courts now located on said property, as well as any other buildings or improvements to be erected on the property, including the collection of rentals or other income therefrom and generally causing said buildings and improvements to be kept in good repair.

"Second Party shall receive for his services one-half of the net profits realized from rentals or income from said property, together with one half of the net profits realized from the re-sale of said property or any portions thereof. The net profits from rentals and income shall be computed by deducting all expenses of operation of the water system,

utilities, costs of repair and upkeep, all taxes and other incidental expenses incurred in the operation and maintenance of said courts. The net proceeds from the sale of said property shall be computed by first deducting the following from re-sale price received:

"The purchase price paid for said property by first party, all other expenses paid or incurred by First Party, including taxes not paid from rentals, engineering costs, laying out of roadways, installing water mains and all improvements, the costs of the re-sale, and any and all other expenditures. The remaining proceeds shall be considered net profit.

"Second Party shall render an accounting of all money collected and expenditures made by him not later than the 15th day of each month for the previous month."

After the property was purchased, Lecky managed certain rentals on the property, and divided the profits, when there were such, with Dr. Harber, and, after Dr. Harber's death, with his estate. When rents were insufficient to meet expenses, Lecky testified he contributed one half of the deficiency.

The property was sold out of the estate of Dr. Harber and it was stipulated below that there was a net profit of $25,473.41 on the sale, which was in the hands of the escrow agent, Arizona Title Insurance & Trust Company. The escrow agent was joined as a party defendant, and it filed an interpleader answer that it would pay the funds to anyone the court should direct.

 Though the complaint filed herein was labeled "Complaint For Declaratory Judgment (Contract)," it fails to set forth the particulars of any controversy requiring a determination by the court and hence fails to state a cause of action in this regard. Kleck v. Wayland, 53 Ariz. 432, 90 P.2d 179 (1939); Connolly v. Great Basin Ins. Co., 6 Ariz.App. 280, 431 P.2d 921 (1967). A reading of the complaint clearly demonstrates that the plaintiffs are

seeking the recovery of money, not a declaratory judgment. A declaratory judgment is one that declares the rights and duties, or the status, of parties, and does not involve executory or coercive relief. 22 Am.Jur.2d Declaratory Judgments § 1, at 836; 26 C.J.S. Declaratory Judgments § 1, at 50.

That the plaintiffs here are not seeking declaratory relief is brought home particularly by the concluding language in the prayer:

"* * * that they have Judgment finding that Plaintiffs are entitled to the sum of Twelve Thousand Seven Hundred Thirty Six Dollars and Seventy Cents ($12,736.70) from the Estate of J. N. Harber, deceased, and the Defendant Arizona Title Insurance & Trust Company be directed and ordered to pay such amount to Plaintiffs from the funds held by such Title Company * * *."

■ But, though the complaint states no cause of action for declaratory relief, we find ample allegations in the complaint to regard this as a suit to impress a trust on specific funds. See Gabitzsch v. Cole, 95 Ariz. 15, 386 P.2d 23 (1963). The mislabeling of the complaint should not prevent recovery when, as here, all of the facts entitling one to recovery have been carefully alleged. Horne v. Timbanard, 6 Ariz.App. 518, 434 P.2d 520 (1967); Spomer v. City of Grand Junction, 144 Colo. 207, 355 P.2d 960 (1960).

The case was tried to the court below as a "short cause." By stipulation, a quitclaim deed of the subject realty, dated July 3, 1956, from Mary H. Harber to her husband was admitted in evidence. The document showed it was recorded in the office of the County Recorder of Maricopa County, in which county this real estate is located, on July 23, 1956. In the brief filed in this court, the wife's estate concedes that the agreement of July 27, 1956, was entered into by Lecky and Dr. Harber "[u]nder the assumption that the land was the separate property of Dr. Harber * * *."[1]

There is indication in an exhibit in evidence[2] that on February 11, 1964, there was an order entered in the probate of the estate of J. N. Harber determining the subject real estate was the community property of J. N. Harber and Mary H. Harber. In briefs, the parties refer to a statement of counsel for the estate of Mary H. Harber at the time of trial to the effect that such order was entered in an "heirship" proceeding. From this scanty record, the counsel for the wife's estate argue there has been an adjudication that the quitclaim deed of July 3, 1956, from wife to husband was "invalid" and that this adjudication is binding upon the plaintiffs because a probate is a proceeding "in rem."

■ We agree that a probate proceeding is one in rem, State ex rel. Industrial Commission v. Smith, 6 Ariz.App. 261, 431 P.2d 902 (1967), but this does not mean that a probate court has jurisdiction to settle all controversies pertaining to the property interests of the deceased.

■ To whatever extent the plaintiffs had an equitable ownership in this property by reason of a partnership or trust agreement, such ownership was not a part of the estate of J. N. Harber. It is only as to property of the estate that the probate court has in rem jurisdiction. Fernandez v. Garza, 83 Ariz. 318, 320 P.2d 948 (1958).

The plaintiffs were not made parties to the "heirship" proceedings in the Harber probate, and took no part in any litigation pertaining to the status of this property, so we do not have a case of actual litigation occurring in the wrong "court," in which event there might be a possibility of a binding adjudication. See In re

---

1. Brief of appellee Irene Foley, at 2, executrix of the Estate of Mary Harber, deceased.

2. Plaintiffs' exhibit 2, a pleading filed in the J. N. Harber Estate file denominated "Objections to Report of Private Sale and Petition for Confirmation."

Riccomi's Estate, 185 Cal. 458, 197 P. 97, 99, 14 A.L.R. 509 (1921).

■■ Hence, if there was an adjudication in the J. N. Harber estate that this quitclaim deed was "invalid," it would not be a binding adjudication as far as these plaintiffs are concerned. This quitclaim deed established prima facie evidence of title in J. N. Harber. Merrifield v. Merrifield, 95 Ariz. 152, 388 P.2d 153 (1963). In this trial, there was no evidence of any kind to disparage the efficacy of this deed. The property conveyed from wife to husband was not the separate property of the wife prior to the conveyance, and hence the deed does not fall within our recent decision of Arizona Central Credit Union v. Holden, 6 Ariz.App. 310, 432 P.2d 276 (1967), but rather under decisions such as Schofield v. Gold, 26 Ariz. 296, 225 P. 71, 37 A.L.R. 275 (1924). For the purposes of this lawsuit, the property in question was undisputably the separate property of J. N. Harber when the agreement of July 27, 1956, was consummated.

The parties stipulated in the superior court that there was no claim by plaintiffs filed in the estate of J. N. Harber within the four months after publication of notice to creditors as required by A.R.S. § 14–570 as to " * * * claims arising upon contracts * * *." The trial court held the agreement between J. N. Harber and the plaintiff Lecky created a partnership and hence no claim in the probate was necessary, relying upon Fernandez v. Garza, supra. The wife's estate admits that if a partnership existed between Lecky and Harber as to this property, the claim statute would be no defense, but contend this could not be a partnership because under the agreement, control of this property was not divided, but rather reposed exclusively in J. N. Harber, and because there was no provision in the agreement for a division of any losses.

■■ We do not pass upon whether this was a partnership, or a joint venture, because we see the essentials of an express trust. The reason expressed by our Supreme Court for holding that no claim need be filed in probate is equally applicable to all of these relationships:

"As to partnership assets in the hands of the administrator of a deceased partner, this court has followed the theory that *they are trust funds* and therefore not part of the assets of an estate; they are held not as part of the estate, but in trust for the surviving partner."

(Emphasis added) 88 Ariz. 214 at 218, 354 P.2d 260 at 263.

■ As we read the agreement, the key words, as far as this lawsuit is concerned, are:

" * * * both parties desire to hold said property for improvement and investment for benefit of both."

There is nothing in the agreement or in the circumstances surrounding the inception of this agreement that detracts from the clear implication of these words that joint equitable ownership was contemplated. No particular words are necessary to create an express trust; any clear expression that one holds property for the benefit of another is sufficient. Restatement (Second) of Trusts § 24, at 67; and see Wright v. Young, 20 Ariz. 46, 176 P. 583 (1918); Bowen v. Watz, 5 Ariz.App. 519, 428 P.2d 694 (1967).

■ We find no substance in the objection of the wife's estate that no relief was prayed for against it. The thrust of the plaintiffs' complaint is clear insofar as her interest is concerned—plaintiffs seek from the court a judgment that will order the escrow holder to deliver over to them a full one-half share of the profits from the sale of this real estate, divested of the claim the wife's estate makes as to this portion of these profits. Under the undisputed facts and the law of this state, the plaintiffs were entitled to this relief.

No adjudication is here made as to the distribution between the two estates of the balance of the purchase price after payment of plaintiffs in full, as this is not before us.

Reversed with directions to enter an appropriate judgment in plaintiffs' favor against all defendants.

HATHAWAY, C. J., and JOHN A. McGUIRE, Superior Court Judge, concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.