455 P.2d 1005

Richard J. RILEY, as County Attorney of Cochise County, State of Arizona, Appellant,

v.

COUNTY OF COCHISE, W. R. (Bill) Moore, Joe G. Good, and Bert B. Watkins, constituting the Board of Supervisors of Cochise County; and the Board of Supervisors of Cochise County, State of Arizona, Appellees.

No. 2 CA–CIV 683.

Court of Appeals of Arizona.

June 11, 1969.

See, also, Ariz.App., 455 P.2d 1010.

———◆———

Richard J. Riley, Cochise County Atty., Bisbee, by Alan L. Slaughter, Chief Deputy County Atty., for appellant.

Wesley E. Polley, Bisbee, for appellees.

MOLLOY, Chief Judge.

This appeal is taken from a judgment entered in a declaratory judgment action instituted by the appellees. Prior to the filing of any briefs in this appeal, a document entitled "Petition to Intervene or in the Alternative Motion for Leave to Appear as Amicus Curiae" was filed in this court by J. Mercer Johnson, attorney at law.

 As grounds for intervention, he states that (1) he is the real party in interest, (2) his interest in the subject matter of this appeal is adverse to or will be affected by the reversal or modification of the judgment appealed from, (3) he has an interest in opposing the objects sought to be accomplished by this appeal, (4) he would be formally bound by a judgment entered in his absence, and (5) there is a possibility that the appellees will not appear in this court to defend the judgment. Although this decision obviates ruling on the attorney's request, it would appear that intervention in this court is not permissible. *See* Board of Directors, etc. v. Board of Education, etc., 251 Iowa 929, 103 N.W.2d 696 (1960); Stephens v. First Nat. Bank of Nevada, 64 Nev. 292, 182 P.2d 146 (1947); 4 C.J.S. Appeal & Error § 402.

 Consideration of this petition, however, precipitated our examination of the record on appeal. As a consequence thereof, the question of "jurisdiction" raised its ugly head—a question which this court is bound to inquire into *ex mero motu*.[1] If, as we shall subsequently see, the trial court had no jurisdiction to entertain this lawsuit, appellate jurisdiction likewise fails. Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394 (1946); Revis v. Daugherty, Atty. Gen., 215 Ky. 823, 287 S.W. 28 (1926).

The lawsuit from which this appeal was taken was instituted by the filing of a complaint which denominated as "plaintiff" the County of Cochise, W. R. (Bill) Moore, Joe G. Good, and Bert B. Watkins, constituting the Board of Supervisors of Cochise County; and the Board of Supervisors of Cochise County, State of Arizona. The defendant was Richard J. Riley in his capacity as County Attorney of Cochise County. (The wording of the complaint throughout refers to the plaintiff in the singular.) The pertinent allegations of the complaint are as follows:

That prior to November 3, 1967, the plaintiff retained J. Mercer Johnson as counsel in connection with certain litigation in the Cochise County Superior Court in which the plaintiff was a party; that said attorney performed certain services for said plaintiff and on or about November 6, 1967, presented a general demand on Cochise County for legal services; that on or about November

---

1. More often, of course, an appellate court will wait until the briefs on appeal have been filed. But the posture here is unusual. Since the instigation of this action, and the companion case of Riley v. County of Cochise, 9 Ariz.App. 60, 455 P.2d 1010, 2 CA–CIV 650, there has been a change in the constituency of the Board of Supervisors of Cochise County. In 2 CA–CIV 650, the attorney of record for the appellee Board has asked, and been granted leave, to withdraw as counsel, having been advised by the new Board that his services were no longer desired. The appellant, Richard J. Riley, has officially informed this court that he is requesting an opinion of the Arizona State Bar as to whether he is ethically obligated to represent both parties in this appeal. If both of these appeals lack vitality because of their non-adversary nature, we believe a ruling to this effect at this time will serve to avoid additional waste of human energy, most of which is being compensated at public expense.

15, 1967, the defendant objected to the approval of said demand by a letter, a copy of which was appended thereto; that the plaintiff's contention was that the demand was valid and legal and should be allowed for payment; that the defendant County Attorney had indicated his unwillingness to secure a legal determination of the question by instituting an action pursuant to A.R.S. § 11–641, subsec. B;[2] and that the circumstances created a present, actual, and justiciable controversy in which the judgment or decree under the Declaratory Judgment Act would terminate the controversy. The prayer of the complaint recites:

> " * * * plaintiff prays that the Court render its declaratory judgment declaring the rights, powers, duties, status, and other legal relations between the parties hereto under the circumstances shown to be existing . * * * "

The defendant County Attorney filed a motion to dismiss the complaint (1) for failure to state a claim for relief, *i. e.,* no justiciable controversy alleged and (2) for failure to join an indispensable party, J. Mercer Johnson. The motion was denied and after various interim proceedings, plaintiff's motion for summary judgment was granted. The court decreed that the demand of J. Mercer Johnson was in all respects a valid and legal demand and its approval and allowance for payment and the issuance of a warrant in that amount drawn and signed by the chairman and clerk of the board of supervisors in favor of J. Mercer Johnson was declared to be legal in all respects. We are of the opinion that the trial court erred in refusing to dismiss the complaint.

As to the "indispensable party" aspect, the defendant contended that it was impossible to adjudicate the legality of Mr. Johnson's claim without binding him. However, our new Rule 19, Rules of Civil Procedure, as amended in 1966, 16 A.R.S. was designed " * * * to eliminate formalistic labels that restricted many courts from examination of the practical factors of individual cases." Cohn, The New Federal Rules of Civil Procedure, 1966, 54 Geo.L.J. 1204. The time-honored categories of "indispensable," "necessary," and "proper" parties have been discarded with emphasis being placed on the practical realities of joinder. 2 Barron & Holtzoff, Federal Practice and Procedure § 511, p. 28 of pocket part. This new emphasis is further evidenced from the title of the amended rule which speaks of "Joinder of persons needed for just adjudication," whereas the old rule spoke of "Necessary joinder of parties."

An illuminating discussion of the new Rule 19 may be found in Provident Tradesmens Bank & Trust Company v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), wherein the Supreme Court of the United States pointed out that pragmatic considerations control determinations of "indispensability."[3] The court stated:

> "Whether a person is 'indispensable,' that is, whether a particular lawsuit must be

---

2. A.R.S. § 11–641 provides:

"A. When a board of supervisors, without authority of law, orders any money paid from the county treasury, the board and the party in whose favor the order is made shall be jointly and severally liable for the money with interest at the legal rate, and twenty per cent additional on the principal amount. If the money is paid on a claim presented by a member of the board, the supervisor presenting the claim, the board and the county treasurer approving the the claim shall be jointly and severally liable for the money with interest at the legal rate, and twenty per cent additional on the principal amount.

"B. If an illegal payment of money is made as described in subsection A of this section, the county attorney shall institute an action in the name of the county against the supervisors and others liable, to enjoin the payment of the money, or if it has been paid, to recover it with interest at the legal rate, and twenty per cent additional on the principal amount, to be paid into the county treasury to the credit of the fund from which the allowance was made.

 * * * * * "

3. In this jurisdiction, failure to join an "indispensable" party has been regarded as so fundamental that it can be noted

dismissed in the absence of that person, can only be determined in the context of particular litigation. * * * The decision whether to dismiss (i. e., the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests. Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist. To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him." 88 S.Ct. at 742–743.

But, whether an absent party is "indispensable" or not, in order to give a court jurisdiction, there must be a justiciable claim before it, and, in the absence of the claimant, J. Mercer Johnson, we see no such claim here. In every declaratory judgment action, there must be sufficient factual allegations to outline a justiciable controversy. Kleck v. Wayland, 53 Ariz. 432, 90 P.2d 179 (1939); Connolly v. Great Basin Insurance Company, 6 Ariz.App. 280, 431 P.2d 921 (1967); Lecky v. Staley, 6 Ariz.App. 556, 435 P.2d 63 (1967). If, as will subsequently appear, this complaint was deficient in this respect, it will support neither a judgment nor an appeal. 2 Anderson, Actions for Declaratory Judgments § 485.

Declaratory judgment relief is an appropriate vehicle for resolving controversies as to the legality of acts of public officials. See, e. g., Leavitt v. Town of North Hampton, 98 N.H. 193, 96 A.2d 554 (1953); Morgan v. Board of School Com'rs, 248 Ala. 22, 26 So.2d 108 (1946); City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d 411 (1942); Jones v. Merrimack Valley School District, 107 N.H. 144, 218 A.2d 55 (1966); 2 Anderson, *supra*, § 677. A plaintiff, however, in order to be entitled to relief, must have a legal, protectible interest, i. e., his pleading must present a state of facts showing he has a present legal right against the defendant with respect to which he may be entitled as a general rule to some consequential relief, immediate or prospective. 1 Anderson, Actions for Declaratory Judgments § 159.

The proper use of declaratory judgment proceedings to determine the authority of a county board of supervisors to enter into contracts involving potential exposure to personal liability is illustrated by the case of Pima County v. Grossetta, 54 Ariz. 530, 97 P.2d 538 (1939). It should be noted that in that case, those seeking the declaration were the respective members of the Pima County Board of Supervisors in their *individual* capacities. The suit was brought against Pima County and certain members of the state bar with whom the board had contracted for legal services, to adjudicate the legality of these contracts, i. e., whether the plaintiffs, as the Board of Supervisors of Pima County, were authorized and empowered to employ legal counsel to assist the County Attorney in certain civil actions in which the county was a party. In *Grossetta*, the adversaries, the county versus the individual members of the board, were litigating against one another as to a matter in which they both had a direct interest.

The requirement of adversary proceedings is equally applicable to a declaratory judgment action. Trustees of Rutgers College in N. J. v. Richman, 41 N.J.Super.

for the first time on appeal. Siler v. Superior Court In and For Coconino, 83 Ariz. 49, 54, 316 P.2d 296 (1957) (an

opinion, interestingly, authored by the same J. Mercer Johnson who was denied intervention in this action).

259, 125 A.2d 10 (1956). In other words, there must be *adverse* parties to the action. Evers v. Dwyer, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958); Lee Wing Hong v. Dulles, 214 F.2d 753 (7th Cir. 1954); Whitney v. Randall, 58 Idaho 49, 70 P.2d 384 (1937); Hogue v. Kroger Company, 213 Tenn. 365, 373 S.W.2d 714 (1963).

In this case, construing the complaint as liberally as possible in favor of the pleader, and ignoring the mere conclusory allegation of a "justiciable controversy," we find nothing more alleged than a mere difference of opinion between public officers. Such difference, in and of itself, cannot form the basis for a declaratory judgment. Moore v. Bolin, 70 Ariz. 354, 356, 220 P.2d 850 (1950); Manning v. Reilly, 2 Ariz.App. 310, 314, 408 P.2d 414 (1965); Eacret v. Holmes, 215 Or. 121, 333 P.2d 741 (1958). There must be an assertion in the pleading of a legal relation, status or right in which the plaintiff has a definite interest and an assertion of the denial of it by the other party in order to entitle the plaintiff to a declaration of right. Lipson v. Bennett, 148 Conn. 385, 171 A.2d 83 (1961); 1 Anderson, Actions for Declaratory Judgments § 163. When the defendant has no power to affect the plaintiff's rights, no controversy is presented. Garden City News v. Hurst, 129 Kan. 365, 282 P. 720 (1929); Revis v. Daugherty, Atty. Gen., 215 Ky. 823, 287 S.W. 28 (1926); Borchard, Declaratory Judgments, at 36.

Under A.R.S. § 11–641, *supra,* n. 2, the members of a county board of supervisors may be jointly and severally liable for payment of unauthorized expenditures together with interest thereon and a twenty per cent penalty on the principal amount. This claim, however, whether the action be instituted by the county attorney or by a taxpayer pursuant to A.R.S. § 11–642,

belongs to the county and not the county attorney. A.R.S. § 11–641, subsec. B. We therefore conceive that a controversy, if any, which might arise as to the payment of a claim by a board of supervisors would exist between the county and the board members as individuals. The county attorney, on the other hand, has no *real* interest in opposing the declaration sought. The requisite "adversity" to maintenance of a declaratory judgment action is therefore lacking in the complaint, thereby depriving it of the legal efficacy to invoke the trial court's jurisdiction.

We hold, therefore, that the trial court was without jurisdiction to entertain this cause and we lack jurisdiction of this appeal.[4]

Appeal dismissed.

HATHAWAY and KRUCKER, JJ., concur.

4. A dismissal predicated on these grounds, however, does not amount to an affirmance of the judgment. State ex rel. Schafer v. Gussner, 114 N.W.2d 707 (N. D.1962). This judgment is always vulnerable to attack in the trial court, Rico

Cons. Min. Co. v. Rico Explor. Co., 23 Ariz. 389, 204 P. 138 (1922), and a motion to vacate is an appropriate remedy under these circumstances. State v. Gussner, *supra.*