500 P.2d 1161

In the Matter of the ESTATE of Maria Elena ALFARO, Deceased.

Aureliano H. QUIROZ, Executor of the Estate of Maria Elena Alfaro, Deceased, Appellant,

v.

Vincente ALFARO, surviving husband of Maria Elena Alfaro, Appellee.

No. 2 CA–CIV 1276.

Court of Appeals of Arizona, Division 2.

Sept. 14, 1972.

Rehearing Denied Oct. 31, 1972.

Review Denied Dec. 12, 1972.

J. C. Padilla, Tucson, for appellant.

Edward Aboud, Tucson, for appellee.

HATHAWAY, Judge.

This appeal is taken from a probate court judgment decreeing that certain real

estate be excluded from the assets of the decedent's estate and declaring it to be the sole and separate property of appellee, decedent's spouse. The court, in its order for judgment, expressly found that a constructive trust in favor of appellee existed. The order further stated:

"The Court, . . . while entertaining some misgiving as to whether or not the procedure followed by the Plaintiff-petitioner is appropriate; nevertheless feels that principles of equity and justice and the statutes relied upon are sufficiently broad to give the Court jurisdiction to enter its order."[1]

Our examination of the record on appeal[2] discloses a jurisdictional defect requiring *sua sponte* dismissal of this appeal. If, as we shall discuss, the probate court lacked jurisdiction to adjudicate the matter out of which this appeal arose, we lack jurisdiction to review it. Riley v. County of Cochise, 10 Ariz.App. 55, 455 P.2d 1005 (1969).

The appellee filed in the probate proceedings a petition to determine heirship, the substance of which alleged grounds for imposition of a constructive trust as to the realty in question. A hearing was duly held at which testimony and documentary evidence were presented, and after submission of memoranda by the respective parties the probate judge ruled in favor of appellee. We are of the opinion that the court's "misgiving" was justified.

A probate court is a court of limited jurisdiction and if it purports to act outside its statutory jurisdiction, its decrees are null and void. Mims v. Valley Nat'l Bank, 14 Ariz.App. 190, 481 P.2d 876 (1971). Although appellee denominated his claim against the estate as one of heirship, his claim really was one of ownership of property listed as an asset of the estate. Under these circumstances, the probate court was not the proper tribunal to adjudicate the controversy—only the superior court in the exercise of its general jurisdiction could grant the requested relief. Fernandez v. Garza, 83 Ariz. 318, 320 P.2d 948 (1958). See also Ramsay v. Ramsay, 10 Ill.App.2d 459, 135 N.E.2d 172 (1956); Jones v. Tautfest, 206 Okl. 380, 243 P.2d 1003 (1952); In re Day's Estate, 119 Mont. 547, 177 P.2d 862 (1947); Gentile v. Gentile, 154 Colo. 467, 391 P.2d 463 (1964); In re Estate of Baglione, 65 Cal.2d 192, 53 Cal.Rptr. 139, 417 P.2d 683 (1966); In re Estate of Chase, 82 Idaho 1, 348 P.2d 473 (1960); In re Estate of O'Neal, 142 So.2d 315 (Fla.App.1962).

Since the probate court was without jurisdiction, its judgment purporting to quiet title to the subject property in the appellee was a nullity. Fernandez v. Garza, supra; In re Estate of Schell, 390 S.W.2d 618 (Mo.App.1965). Our jurisdiction being derivative, we lack jurisdiction of this appeal.[3]

Appeal dismissed.

KRUCKER, C. J., and HOWARD, J., concur.

1. The statutes to which the court made reference are A.R.S. § 14–641 et seq.

2. No briefs have as yet been filed in this court but we are committed to a practice of checking jurisdictional requirements at an early stage of the appellate proceedings. In so doing, we believe that early exposure of jurisdictional flaws avoids unnecessary expense and delay to the parties involved. This is particularly true in the instant case as otherwise administration and distribution of the decedent's estate would be unduly prolonged.

3. As we indicated in footnote 4 in Riley v. County of Cochise, supra, a dismissal predicated on these grounds does not amount to an affirmance of the judgment and a motion to vacate would be appropriate.