550 P.2d 1093

Betty J. GONZALEZ, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, the Honorable J. Richard Hannah, a Judge thereof, Respondent,

and

ESTATE of A. W. CHAPPELL, by Kenneth Chappell, Personal Representative, Real Party in Interest.

No. 2 CA–CIV 2217.

Court of Appeals of Arizona, Division 2.

June 17, 1976.

Rehearing Denied July 21, 1976.
Review Granted Sept. 14, 1976.

Delane C. Carpenter, Tucson, for petitioner.

Edward Aboud, Tucson, for real party in interest.

## OPINION

HOWARD, Chief Judge.

Does the probate court have jurisdiction to hear and determine a controversy between the personal representative of a decedent and a stranger to the estate concerning real property listed as an asset of the estate? The respondent court ruled that it did not and dismissed a petition filed in the probate proceedings. Petitioner, who claimed that the subject real property belonged to her, commenced this special action and since we deem her remedy by appeal inadequate, we assume jurisdiction. Furthermore, we believe appellate intervention at this juncture is proper since the question presented requires interpretation of the new Probate Code and this opinion will provide guidance to the bench and bar of this state.

A petition was filed in the probate of the Estate of A. W. Chappell by petitioner herein. The petition alleged in substance that petitioner was the owner of the subject real property and requested that an order to show cause be issued to the decedent's personal representative to appear and show cause why the court should not issue its order divesting the estate and successors in interest of all right, title or in-

terest to the real property and declaring that it be vested in petitioner as her sole and separate property. A motion to dismiss for lack of jurisdiction over the subject matter of the petition was filed by the personal representative and after a hearing thereon, the motion to dismiss was granted.

Our new Probate Code became effective January 1, 1974. The legislative purpose was stated:

"The legislature intends by this act to provide for a substantial revision of the laws relating to decedents' estates, guardianships, protective proceedings and trusts to become effective January 1, 1974." Laws 1973, Ch. 75, Sec. 1.

Prior to the adoption of the Probate Code, the law in this jurisdiction was that the probate court lacked jurisdiction to adjudicate a claim by a stranger asserting ownership to property included in the estate. *Fernandez v. Garza*, 83 Ariz. 318, 320 P.2d 948 (1958); *In Re Estate of Alfaro*, 18 Ariz.App. 173, 500 P.2d 1161 (1972). We believe, as contended by petitioner, that the legislature intended to enlarge the subject matter jurisdiction of the probate court. A.R.S. Sec. 14–1302, which defines subject matter jurisdiction, states:

"A. To the full extent permitted by the constitution, the court has jurisdiction over all subject matter relating to:

1. Estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons.

2. Protection of minors and incapacitated persons.

3. Trusts.

B. The court has full power to make orders, judgments and decrees and take all other action necessary and proper to administer justice in the matters which come before it including power to enforce orders against a fiduciary by contempt proceedings and to compel action by a fiduciary by body attachment."

■ Since the "probate court" is the superior court sitting in probate matters, there is no constitutional impediment to such court resolving controversies such as we have here. Arizona Constitution, Art. 6, Sec. 14. Liberal construction of A.R.S. Sec. 14–1302 is mandated by A.R.S. Sec. 14–1102 which provides in part:

"A. This title shall be liberally construed and applied to promote its underlying purposes and policies.

B. The underlying purposes and policies of this title are:

1. To simplify and clarify the law concerning the affairs of decedents.

. . .

\* \* \* \* \* \*

3. To promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors.

\* \* \* \* \* \* "

One law review writer has noted that Sec. 1–302 of the Uniform Probate Code (the counterpart of A.R.S. Sec. 14–1302) defines an extensive scope of jurisdiction vested in the probate court and reflects the aim of the Code in this respect which would result in an immediate change in any state whose probate court does not exercise jurisdiction of this scope. Dupont, The Impact of the Uniform Probate Code on Court Structure, University of Michigan Journal of Law Reform, 6:375 (1973).

■ The term "subject matter" is a term of different meanings. *Cantrell v. City of Caruthersville*, 359 Mo. 282, 221 S. W.2d 471 (1949). One court has defined "subject matter" as the subject or matters presented for consideration; the thing in dispute; the right which one party claims against the other. *Flower Hospital v. Hart*, 178 Okl. 447, 62 P.2d 1248 (1936). The term "relating to" has been judicially defined as meaning in respect to, in reference to, or in regard to, *Snowden v. Kittitas County School District No. 401*, 38 Wash.2d 691, 231 P.2d 621 (1951), and as embracing much more than such words as "directly connected to" or "a part of" *State v. Gaddy*, Ohio Com.Pl., 184 N.E.2d

689 (1962). We agree with petitioner, and so hold, that when a judge of the superior court sits in probate, he has jurisdiction to resolve all matters presented to him concerning the estate. This view has been expressed by Professor Richard W. Effland, Professor of Law, Arizona State University, who served as a reporter on the National Conference of Commissioners on Uniform Laws:

> "Jurisdiction over subject matter is really a facet of internal court structure. The Superior Court remains the proper court for all probate matters. There is, however, one minor change. Following California rulings, our Supreme Court held that when the judge of the Superior Court sits in probate, he has jurisdiction only to decide matters over which the probate statutes give him express jurisdiction. Thus, even though the matter is one over which the Superior Court ordinarily has jurisdiction, the fact that the pleading is titled in probate is presently a limiting factor. The Code clearly changes this and gives the Court full power over all subject matter relating to estates of decedents (ARS 14–1302.) Thus a suit involving title to property allegedly belonging to the estate, or a tort action against the PR, can be tried by the Court in probate, for example." Arizona Probate Code Practice Manual (1973), p. 5–4.

■ Conservation of time, energy and money and avoidance of a multiplicity of actions is the hallmark of our new Probate Code. A superior court judge sitting in probate can adjudicate all matters as to which jurisdiction is vested in the superior court when they relate to the estate of a decedent.

For the foregoing reasons, the respondent court erred in granting the motion to dismiss. We therefore vacate the order granting the motion with directions to proceed in accordance herewith.

KRUCKER and HATHAWAY, JJ., concur.