NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SANDRA L. LEHMAN, *Plaintiff/Appellant,*

*v.*

PAUL A. FUSSELL; DANIEL K. FUSSELL; *Defendants/Appellees.*

No. 1 CA-CV 14-0778
FILED 1-19-2016

Appeal from the Superior Court in Maricopa County
No.  CV2012-070072
The Honorable Thomas L. LeClaire, Judge (Retired)

**VACATED AND REMANDED**

APPEARANCES

Sandra L. Lehman, Phoenix, AZ
*Plaintiff/Appellant*

Paul A. Fussell, Atoka, OK
*Defendant/Appellee*

Daniel K. Fussell, Lakeside, AZ
*Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**G E M M I L L,** Judge:

**¶1**        Sandra Lehman appeals from the superior court's order granting summary judgment in favor of Paul and Daniel Fussell.  For the following reasons, we vacate and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Sandra[1] and Paul signed a "pre-nuptial contract" ("the contract") in which they mutually agreed to "reside and live together as husband and wife," but "without benefit of a state license or permission granted by any public authority."  Their written agreement stated that "all income earned by either Paul or Sandra, while living together and all property accumulated from that income belongs in equal shares to both and should they separate, all accumulated property shall be divided equally." Sandra and Paul agreed that Paul would pay Sandra "spousal support in the event that this contract is terminated, by either party."  Sandra and Paul further agreed "[t]hat any property or properties purchased by either or both parties after the execution date of this agreement shall be jointly owned by them as tenants in common," and that upon termination of the contract, "all such property acquired, held and shared by Paul and Sandra shall be equally divided between them."

**¶3**        Sandra and Paul never legally married.  Some time after they signed their contract, Sandra moved out of the couple's residence.  She filed suit against Paul, alleging breach of contract and seeking her share of "community property" and money due pursuant to the terms of the contract.  Sandra later amended the complaint and added Paul's brother

---

[1]  For clarity and convenience, we refer to the parties by their first names. No disrespect is intended by the use of first names.

Daniel[2] as a defendant, alleging tortious interference with the contract and fraud for aiding and abetting Paul in concealing income from her and stealing her property.

¶4        The parties filed cross motions for summary judgment. The superior court found that, because Sandra and Paul never married,

> [t]he contract never became effective, and it is not possible to breach an unenforceable contract. Further, without an enforceable contract, it is not possible to tortiously interfere with one. Finally, the basis for the fraud claim on assets and income . . . also stems from the same unenforceable contract. All other statements regarding theft and concealment are unsupported with facts or evidence.

Accordingly, the superior court denied Sandra's motion for summary judgment and granted Paul's and Daniel's motions for summary judgment. Sandra timely appealed.[3] We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶5        Sandra contends the trial court erred by granting summary judgment to Paul and Daniel because it based its ruling on Arizona's "marriage laws" instead of contract law. Sandra argues that the label "pre-nuptial contract" does not govern the contract's enforceability and that the contract at issue is not a marriage contract, but an enforceable "cohabitation" contract.

¶6        We review de novo the grant of summary judgment and view all facts and reasonable inferences drawn therefrom in the light most favorable to Sandra, against whom the superior court granted judgment.

---

[2] Sandra also added Underground Discovery Inc. ("UDI"), Derrill Fussell, and Linda Fussell as defendants. Sandra obtained a default judgment against these defendants.

[3] Paul's and Daniel's answering briefs were due by March 3, 2015. Neither filed answering briefs nor requested an extension of time. This court ordered Paul and Daniel to pay the filing fees and file the answering briefs by March 23, 2015. No filing fees have been paid and no answering briefs have been filed. We therefore determine this appeal on the record and the opening brief.

*See Awsienko v. Cohen*, 227 Ariz. 256, 258, ¶ 7 (App. 2011). Summary judgment is proper when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

¶7          Premarital agreements become effective upon the marriage of the parties. A.R.S. § 25-202(B). By implication, in the absence of a valid marriage, a premarital agreement is not effective. Arizona law requires a marriage ceremony, solemnization of the marriage by an authorized person, and a marriage license. *See* A.R.S. § 25–111(A)–(B). Under Arizona law, a private marriage contract cannot by itself establish a marriage and any contract terms contained therein "relating to the establishment of a marriage are unenforceable." *Moran v. Moran,* 188 Ariz. 139, 145 (App. 1996).

¶8          Courts can, however, enforce an agreement to cohabitate and share income if it is supported by proper consideration. *See Cook v. Cook*, 142 Ariz. 573, 577–78 (1984). A promise between cohabitants to "pool their earnings and share in their accumulations" is proper consideration. *Garza v. Fernandez*, 74 Ariz. 312, 316, 248 P.2d 869, 871 (1952); *see also Cook*, 142 Ariz. at 578; *Fernandez v. Garza*, 88 Ariz. 214, 219 (1960); *Stevens v. Anderson*, 75 Ariz. 331, 335–36 (1953).

¶9          The superior court erred as a matter of law by concluding there was no enforceable contract and granting summary judgment on all claims solely because Sandra and Paul never married. *See* Ariz. R. Civ. P. 56(a). Although the contract was entitled "pre-nuptial contract," the contract expressly stated Sandra and Paul's intent to "reside and live together as husband and wife" but "without the benefit of a state license or permission granted by any public authority." Sandra explained that she and Paul "got married with a minister and a ceremony" but "did not get a marriage license." Sandra also admitted that she was aware the marriage was not valid under Arizona law. The parties did not consider their arrangement a legal "marriage" under Arizona law.

¶10          Here, the contract was an agreement to create a marriage-like relationship, comingle real and personal property, and distribute that property a certain way upon dissolution of the relationship. The contract contained mutual promises to live together, jointly acquire assets, pool income, and share equally in the accumulations therefrom. These mutual promises are adequate and proper consideration to support an enforceable agreement. *Cook*, 142 Ariz. at 578; *see also Palmer v. Kelly,* 52 Ariz. 98, 103 (1938) ("It has always been held that mutual promises are a sufficient

consideration for a contract.").   We therefore vacate the judgment and remand for the superior court to consider Sandra's claims.

## CONCLUSION

**¶11**          For these reasons, we vacate the summary judgment and remand for further proceedings.[4]  We also award Sandra taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama

---

[4] In her opening brief, Sandra requests that we find the pre-nuptial contract to be a "valid, binding and enforceable contract," grant her motion for summary judgment with a hearing on damages as to both Paul and Daniel, or grant a default judgment against Daniel with a hearing on damages. Moreover, Sandra requests on remand a damages hearing as to UDI, Derrill, and Linda, as well as a hearing on sanctions against these defendants' attorney and against Paul and Daniel for alleged misconduct concerning "ex-parte communications."  We leave these matters for the superior court to consider on remand.