No. 20,480.

GIOVANNI GENTILE, ET AL., *v*. PETER GENTILE, ADMINISTRATOR OF THE ESTATE OF VITO GENTILE, DECEASED.

(391 P. [2d] 463)

Decided April 20, 1964.

Mr. JOSEPH P. CONSTANTINE, for plaintiffs in error.

Messrs. PRESTON & ALTMAN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiffs in error by name or as nonresident heirs, and to defendant in error as Peter.

The judgment to which this writ of error is directed was entered in estate proceedings by the county court of Pueblo county. One Vito Gentile, a brother of Peter and the nonresident heirs, was adjudicated a mental incompetent in the county court of Pueblo county on May 22, 1941, and Peter was named conservator of his estate. On May 27, 1958, Vito Gentile died and Peter was named administrator of his estate. The only heirs at law of Vito Gentile were his brothers and sisters, all of whom, except Peter, lived in Italy. June 7, 1958, Peter filed an inventory of assets of said real estate showing real estate of the value of $7,200.00 and personal property valued at $7,185.39.

October 24, 1958, Peter Gentile filed a petition as follows:

"Comes now Peter Gentile and shows and represents to the Court:

"1. That the heirs of the above named decedent are Peter Gentile, Giovano Gentile, Juestina Todisco, Francesco Gentile and Dominico Gentile; that all of said heirs except your petitioner are residents of Italy; that petitioner's father died in 1903, and his mother died in 1940, in Italy, as the owners of certain property in Italy, which descended to and became the property of the same persons who are the heirs in this proceeding.

"2. That in 1954, your petitioner transferred his share of the property in Italy in consideration of and upon the specific understanding that when the above named decedent died that the brothers and sisters in Italy would transfer their respective shares in the above entitled estate to your petitioner.

"3. That your petitioner has made demand upon said brothers and sisters for transfer of their share in the above entitled estate but they have failed and refused and still fail and refuse to make such transfer.

"WHEREFORE, your petitioner prays that a hearing be had before this Court and that an order be entered transferring said interests to your petitioner in accordance with said agreement."

On October 24, 1958, an affidavit for service by publication was filed, and on the same day an order of the court was entered as follows:

"This matter coming on to be heard and the Court being satisfied that the persons named in the Affidavit for Service by Publication are non-residents of the State of Colorado, and are persons who cannot be served by personal service in the State of Colorado.

"IT IS ORDERED That the Notice herein be published in The Colorado Tribune once a week during each of four successive calendar weeks, and that the Clerk of this Court shall mail a copy of said Notice and a copy

of said Petition, postage prepaid, addressed to the persons named in said Affidavit for publication at the addresses there given and who shall make and file a certificate of mailing in accordance with the statute.

"Done in open Court this 24th day of October, 1958.

/s/ *Hubert Glover*

Judge."

The notice actually published was as follows:

"Notice is hereby given that a hearing will be held upon the petition of Peter Gentile, for an order transferring the interests of all of the heirs in the above entitled estate to him before this Court on the 3rd day of December, 1958, at 10:00 o'clock A.M.

CHARLES MARTELLARO

Clerk of the County Court

By *Charles Martellaro*"

The petition of Peter Gentile was heard by the court on December 3, 1958. He testified, as did also one Vincent Massari, after which the trial court entered an order reading as follows:

"This matter coming on for hearing upon the petition of Peter Gentile, and the Court having heard the testimony of the witnesses produced in support of said petition, and being now fully satisfied that the petitioner, Peter Gentile, entered into a contract with Giovano Gentile, Juestina Todisco, Francesco Gentile and Dominico Gentile, by the terms of which Peter Gentile transferred all of his interest in the property of his mother and father who died in Italy to his brothers and sister in Italy, in exchange for their agreement to transfer to Peter Gentile all of their interests in the estate of Vito Gentile, now deceased, and the Court being further satisfied that the brothers and sister in Italy have not fulfilled their obligations to transfer their interest in the estate of Vito Gentile to Peter Gentile.

"IT IS ORDERED, ADJUDGED AND DECREED by the Court that all of the interests in the estate of Vito Gentile, deceased, of Giovano Gentile, Juestina Todisco,

Francesco Gentile and Dominico Gentile, be and the same are hereby transferred to and ordered to be the sole property of Peter Gentile.

"IT IS FURTHER ORDERED that this order shall operate as a transfer and assignment from Giovano Gentile, Juestina Todisco, Francesco Gentile and Dominico Gentile to Peter Gentile of all the right, title and interest of Giovano Gentile, Juestina Todisco, Francesco Gentile and Dominico Gentile in and to their distributive shares of the estate of Vito Gentile, deceased."

Peter filed his final report from which it appeared that after claims and expenses of administration were paid there remained a balance of $9,743.41 for distribution to himself under the above-quoted order of court. This final report was filed April 9, 1959.

June 8, 1961, the nonresident heirs filed a petition in which they prayed for the entry of an order:

"1. That said estate be re-opened.

"2. That the Order made and entered herein on December 3, 1958 whereby the distributive share of Giovanni Gentile, Juestina Todisco, Francesco Gentile and Dominico Gentile was transferred and assigned to Peter Gentile be vacated and set aside and held for naught.

"3. That the said Peter Gentile be ordered to account for all of the assets of the estate of Vito Gentile, Deceased, and more specifically the U. S. Savings Bonds in the approximate sum of $10,000.00.

"4. That the Final Report of Peter Gentile filed herein of his administration of the estate of Vito Gentile, Deceased, be vacated and set aside.

"5. That the Court make and enter herein an Order providing for the distribution of the balance of assets to these petitioners in accordance with the provisions of the statutes in such case made and provided."

It was alleged in said petition, inter alia, that:

"(a) The Court did not have jurisdiction of the subject matter of the Petition nor of the persons of the said

Giovanni Gentile, Juestina Todisco, Francesco Gentile and Dominico Gentile.

"(b) That the subject matter of the Petition was not a probate matter but the attempt to enforce an agreement for specific performance of a contract between Peter Gentile and Giovanni Gentile, Juestina Todisco, Francesco Gentile and Dominico Gentile.

"(c) That the Peter Gentile had a fiduciary relationship as Administrator of the Estate of Vito Gentile, Deceased, and by fraud and overreaching prevailed upon this Court to enter such Order.

"(d) That no process or summons as required by the Colorado Rules of Civil Procedure was served upon the petitioners.

"(e) That the Petition set forth a claim which is not the proper matter of inquiry by a probate Court and that a separate and independent suit should have been filed by the said Peter Gentile against the petitioners herein."

\* \* \*

"16. That on or about the 9th day of April, 1959 the said Peter Gentile as Administrator of the Estate of Vito Gentile, Deceased, filed herein his Final Report showing that he had received during the administration of said estate the sum of $14597.79, expended the sum of $4854.38, leaving on which the sum of $9743.41, which the Court Ordered distributed to the said Peter Gentile.

"17. That said Order distributing the said sum of $9743.41 to the said Peter Gentile is null, void and of no effect, and the said petitioners have been unlawfully, illegally and without due process been deprived of their distributive share in said estate."

The trial court denied the relief sought by the nonresident heirs, and in so doing committed error requiring reversal of the judgment. In legal effect the judgment of the trial court was for the specific performance of a parol contract allegedly entered into between

brothers and sister with reference to the disposition which would be made of the distributive share to which the sister and four brothers would be entitled in the event that all five of them survived another brother, namely, Vito Gentile.

The county court in which the estate of Vito Gentile was being administered had no jurisdiction to enter the judgment under which Peter paid to himself the entire net proceeds remaining in the estate; said probate court acquired no jurisdiction over the subject matter which was mentioned in the petition of Peter Gentile, and with relation to the claim set forth therein it acquired no jurisdiction over the nonresident heirs.

The enforcement of any rights which Peter might have based on his asserted "agreement" with his sister and brothers concerning the assets of Vito Gentile is grounded entirely upon equitable theories. The relief sought by Peter could only be granted by a court of equity which "by reason of its extraordinary power to enforce specific performance of contracts and to prevent frauds, in an appropriate suit and proper case" could decree specific performance or impress a trust upon the property in the hands of the administrator of the estate. The merits of that controversy could not be determined in the probate proceedings. *Williams v. Pollard,* 101 Colo. 262, 72 P. (2d) 476; *Hoff v. Armbruster, et al.,* 122 Colo. 563, 226 P. (2d) 312. *Brothe v. Zaiss,* 116 Colo. 472, 183 P. (2d) 561, upon which counsel for Peter rely, involved an antenuptial agreement entered into by the deceased and his wife, and the question was whether said antenuptial agreement prevented the surviving wife as the sole surviving heir from receiving the assets of the estate. In the instant action no contract entered into by the deceased Vito Gentile is involved. It is not necessary however to distinguish the case at bar from *Brothe v. Zaiss,* supra, as the doctrine of that case, even assuming no distinguishing factual matters, has been expressly

overruled. In *Hoff v. Armbruster,* 125 Colo. 198, 242 P. (2d) 604, we find the following pertinent language:

"*Brothe v. Zaiss,* supra, was an action to foreclose a mortgage. The surviving widow of the mortgagor was named defendant in her capacity as adminisratrix and as an heir at law. She contested the validity of the mortgage on five separate and distinct grounds and presented four counterclaims. For answer to these counterclaims plaintiffs alleged that an antenuptial marriage contract prevented a recovery thereon. The facts shown by the opinion in that case are much involved and there is little similarity between them and those disclosed by the record now considered. If that opinion, as applied to the facts there considered, contains any language not consistent with our conclusion herein, to that extent *Brothe v. Zaiss,* supra, is overruled."

The judgment is reversed and the cause remanded with directions to vacate and set aside the order of final distribution leaving the parties free to litigate their various claims in proper proceedings as they shall be advised.

MR. JUSTICE HALL and MR. JUSTICE PRINGLE not participating.