**In the Matter of the ESTATE OF Anthony LEMBACH, a/k/a Anthony J. Lembach, a/k/a A. J. Lembach, Deceased,**

**Michael LEMBACH and Medelon Marie Lembach, Petitioners-Appellants,**

v.

**Cecily Ann LEMBACH, Executrix-Appellee.**

**No. 80CA0359.**

Colorado Court of Appeals, Div. I.

Dec. 31, 1980.

Leland S. Huttner, Michael D. Brown, Denver, for petitioners-appellants.

Webster & McCorkhill, P. C., William W. Webster, Denver, for executrix-appellee.

PIERCE, Judge.

Petitioners, Michael Lembach and Medelon Marie Lembach, appeal the order of the district court denying their motion to vacate an estate closing order. We reverse and remand.

Decedent, Anthony Lembach, died on April 20, 1975, leaving a will designating his wife, Cecily Ann Lembach, as executrix and residuary devisee of his estate. The will did not provide for decedent's children (petitioners) except that the residuary devise

was made "knowing that she (the executrix) will provide for the health, happiness, and welfare of my beloved children." The will was subsequently admitted to probate.

Pursuant to § 15–12–204, C.R.S.1973, Michael Lembach filed a demand for notice of further proceedings on June 10, 1976. The probate court entered orders closing decedent's estate and discharging the executrix on December 22, 1976.

Petitioners filed a motion to vacate the estate closing order on December 15, 1977, alleging that they had not received notice of the settlement hearing as required by §§ 15–12–204 and 15–12–1001, C.R.S.1973, and that an express or constructive trust was created by decedent's will with the executrix as trustee and petitioners as beneficiaries.

The probate court reopened the estate to determine if a trust had been created by decedent's will. After ruling that the will did not create an express trust, the court held that it lacked subject matter jurisdiction to adjudicate the constructive trust issue.

Plaintiffs' sole contention on appeal is that the probate court did have subject matter jurisdiction to decide whether a constructive trust had been created by decedent's will. We agree.

## I.

■■■ The executrix contends initially that the probate court only retains jurisdiction until the personal representative has been discharged and the estate has been closed. We disagree.

A probate court may revoke its orders and reopen proceedings with respect to the settlement of estates which have been irregularly made or procured by fraud or mistake. *Williams v. Hankins*, 82 Colo. 251, 258 P. 1114 (1927). Further, § 15–12–1005, C.R.S.1973, allows successors and creditors to bring suit against the personal representative at any time for fraud, misrepresentation, or inadequate disclosure related to the settlement of a decedent's estate. Hence, the probate court properly exercised jurisdiction in reopening the estate. *Williams v. Hankins, supra.*

## II.

■■■ Citing *Gentile v. Gentile*, 154 Colo. 467, 391 P.2d 463 (1964), the executrix next asserts that a probate court does not have equity jurisdiction, and since a constructive trust is an equitable remedy, the probate court was correct in dismissing petitioners' claim to enforce a constructive trust. We disagree.

Section 15–10–302, C.R.S.1973, sets forth the subject matter jurisdiction of probate courts:

"(1) The court has jurisdiction over all subject matter vested by article VI of the state constitution and by articles 1 to 10 of title 13, C.R.S.1973.

"(2) The court has full power to make orders, judgments, and decrees and take all other action necessary and proper to administer justice in the matters which come before it."

Section 13–9–103(3), C.R.S.1973, vests the Denver Probate Court with subject matter jurisdiction to determine:

"every legal and equitable question arising in connection with decedents' . . . estates, so far as the question concerns any person who is before the court by reason of any asserted right in any of the property of the estate . . . including . . . jurisdiction:

.    .    .    .    .

"(b) In any case in which a district court could grant such relief in a separate action brought therein, *to impose or raise a trust* with respect to any of the property of the decedent . . . in any case in which the demand for such relief arises in connection with the administration of the estate of a decedent . . ." (emphasis added).

Since all probate courts may exercise subject matter jurisdiction vested by articles 1 through 10 of title 13, the specific enumeration of the Denver Probate Court's subject matter jurisdiction is applicable to all district courts sitting in probate matters. *See* § 15–10–302, C.R.S.1973.

Hence, the probate court here had jurisdiction to adjudicate the constructive trust issue since that issue arose in connection with the administration of decedent's estate. Section 13–9–103(3)(b), C.R.S.1973. *See Estate of Bonfils v. Davis,* 190 Colo. 70, 543 P.2d 701 (1975).

The judgment is reversed and the cause is remanded to the probate court with directions to determine the merits of plaintiffs' constructive trust claim.

COYTE and RULAND, JJ., concur.