**JEFFERSON COUNTY SCHOOL DISTRICT R–1, a Colorado School District, Plaintiff–Appellee and Cross–Appellant,**

v.

**DIVISION OF LABOR IN THE DEPARTMENT OF LABOR AND EMPLOYMENT, State of Colorado, and Robert J. Husson, in his official capacity as Director of the Division of Labor, Defendants–Appellants and Cross–Appellees.**

No. 89CA0173.

Colorado Court of Appeals,
Div. I.

March 1, 1990.

Rehearing Denied April 5, 1990.

Caplan and Earnest, Alexander Halpern and Allen P. Taggart, Boulder, for plaintiff-appellee and cross-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Paul H. Chan, Asst. Atty. Gen., Denver, for defendants-appellants and cross-appellees.

Opinion by Judge PLANK.

The defendants, Robert Husson and The Division of Labor in the Department of Labor and Employment (Division), appeal the summary judgment entered in favor of the plaintiff, Jefferson County School District R–1 (District), permitting it to recover certain taxes paid during the period 1984 to 1986. The plaintiff cross-appeals that portion of the judgment denying it a similar recovery from the 1980–1983 period. We affirm.

The plaintiff brought this action for declaratory judgment pursuant to C.R.C.P. 57 and § 13–51–101, et seq., C.R.S. (1987 Repl. Vol. 6A), and for review of agency action pursuant to § 24–4–106, C.R.S. (1988 Repl. Vol. 10A), of the Administrative Procedure Act (APA) against the Division and its Director as the agency and officer responsible for administration of the Colorado Major Medical Insurance Fund Act, § 8–66–101, et seq., C.R.S. (1986 Repl.Vol. 3B) (the Act).

The Act provides for the creation, administration, and funding of the Colorado Major Medical Insurance Fund, which provides benefits for qualified employees in addition to those available under the Workmen's Compensation Act, § 8–40–101, et seq., C.R.S. (1986 Repl.Vol. 3B). The Fund's revenues are derived from a tax imposed on insurance carriers and self-insured employers under the Workmen's Compensation Act.

The plaintiff, a self-insured entity, sought to recover what it believed were excess taxes paid to the defendants during the years 1980 through 1986 under the defendants' then-existing interpretation of § 8–66–102(5), C.R.S. (1986 Repl.Vol. 3B). It challenged defendants' interpretation of § 8–66–102(5), which establishes the method of calculating the tax owed.

Under § 8–66–102(5), self-insured employers must report their payroll to the defendants who then assess a tax based on the basic insurance premiums chargeable against the same or most similar industry or business. The premiums are taken from the manual of insurance rates chargeable by the State Compensation Insurance Authority.

In 1984, the plaintiff began withholding 30% of the tax assessed by the Division. This withholding was not in accordance with the defendants' then interpretation of the statute.

Prior to July 1, 1987, the Division based the tax payable by the plaintiff solely on the manual rates. It did not permit self-insureds entities to use any adjustments in calculating their tax rate. This treatment of self-insured businesses was in contrast to the treatment of insurance carriers who were permitted to discount the premiums they received and on which their tax obligation was assessed.

After July 1, 1987, the Division promulgated regulations which changed its interpretation of the Act and allowed self-insured employers to consider the adjustments previously denied self-insureds.

After the plaintiff began withholding part of the assessed tax, the Division demanded remittance of the amounts withheld. In 1987, the plaintiff, who was still continuing to reduce its tax rate by 30% every reporting period, paid the sums demanded by the Division under protest. The plaintiff's original complaint timely sought review of the final agency action which ordered that the plaintiff pay the premium tax for 1984, 1985, and 1986. The plaintiff later amended its complaint to include the agency's tax assessment for the years 1980 through 1983.

In a series of rulings on stipulated facts, the trial court held that the Division's pre-1987 interpretation of the Act was a "rule" that had not been promulgated in accordance with the APA and entered judgment in favor of the plaintiff for excess taxes paid from 1984 through 1986, in the amount of $59,067.

The trial court denied the plaintiff's remaining claims.

## I.

The defendants contend that the trial court erred in denying their motion and in granting the plaintiff's motion for summary judgment. We disagree.

█ In denying the defendants' motion for summary judgment, the trial court found that the Division's requirement that self-insured employers use the payroll statement to calculate the tax owed amounted to a "rule" as defined by the APA, § 24-4-102, C.R.S. (1988 Repl.Vol. 10A). The trial court further found this interpretation and its application to be invalid in that it had not been promulgated in accordance with the requirements of the APA. We agree with this analysis.

A rule has been defined as "every agency statement of general applicability and future effect implementing, interpreting, or declaring law or policy, or setting forth the

procedure or practice requirements of any agency." Section 24-4-102(15); *see Meyer v. Colorado Department of Social Services*, 758 P.2d 192 (Colo.1988).

The defendants' allowance of premium adjustments to insurance carriers while denying the self-insureds similar deductions was an "agency statement of general applicability and had future effect." *See Home Builders Ass'n v. Public Utilities Commission*, 720 P.2d 552 (Colo.1986). Thus, the defendants' interpretation of the Act established agency policy and procedure and, accordingly, required compliance with APA. *See Charnes v. Robinson*, 772 P.2d 62 (Colo.1989). Hence, since the APA requirements were not met, the rule was not enforceable, and there was no valid basis for ordering plaintiff to pay the additional amounts.

## II.

The plaintiff, in its cross-appeal, contends that the trial court erred in failing to order the return of the excess tax paid from 1980 through 1983. We disagree.

The plaintiff's complaint concerning the 1980–1983 period resulted from the defendants' demand that the plaintiff make full payment from 1980 forward without the 30% deduction.

The trial court declined to order the return of any part of the tax paid by the plaintiff from 1980 through 1983. It reasoned that the plaintiff had not sought judicial review of the final agency action within thirty days of the date the action became effective. *See* § 24-4-106(4), C.R.S. (1988 Repl.Vol. 10A). Therefore, it concluded that it was without jurisdiction to enter any order concerning the tax collected during that period.

█ Although the trial court found the defendants should have adopted a rule pursuant to the APA prior to seeking repayment of the taxes withheld by the plaintiff, this finding does not remove the jurisdictional requirement that a party seek judicial review within thirty-days of an agency's final action. Also, the final agency order did not cover the years 1980 through

1983. Thus, we conclude that the plaintiff's complaint seeking return of the tax for those years was untimely.

■ We reject the plaintiff's further assertion that because this action was also brought under C.R.C.P. 57, the plaintiff is not restricted to the time period under the APA. When an administrative remedy has not been sought in a timely manner, C.R. C.P. 57 does not provide jurisdiction for judicial review. *See Clasby v. Klapper*, 636 P.2d 682 (Colo.1981).

■ In regard to this 1980–1983 period, plaintiff asserts it is entitled to recover the excess tax paid under a theory of denial of equal protection and on the basis of estoppel. However, since plaintiff did not timely challenge the agency action for this period, we do not address these contentions.

Accordingly, the judgment is affirmed.

PIERCE and SILVERSTEIN *, JJ., concur.