**Gerald Henry MITCHEM,**
**Plaintiff–Appellant,**

**v.**

**FIRST INTERSTATE BANK OF DENVER, N.A., Defendant–Appellee.**

**No. 89CA0835.**

Colorado Court of Appeals,
Div. II.

July 5, 1990.

Rehearing Denied Aug. 2, 1990.

Certiorari Denied Jan. 14, 1991.

Brenman Raskin Friedlob & Tenenbaum, P.C., David H. Wollins, Michael A. Zahorik, Denver, for plaintiff-appellant.

Silverman and Gelman, P.C., Eldon E. Silverman, Elrod, Katz, Preeo & Look, P.C., Kenneth T. Eichel, Denver, for defendant-appellee.

Opinion by Judge PLANK.

The plaintiff, Gerald Henry Mitchem, appeals the district court's judgment of dismissal entered in favor of defendant, First Interstate Bank. We affirm.

Plaintiff is the sole heir-at-law and next of kin of his brother, Robert A. Mitchem (Robert). First Interstate was named as personal representative for the wills of Robert and his wife. First Interstate was also appointed trustee of two family trusts created by the wills.

Robert's will provides that if his wife survives him, she is to become the sole beneficiary of his will. The will further provides that if his wife predeceases him, the beneficiaries are to be the Robert A. Mitchem Family Trust. The beneficiaries of this trust are the wife's two children from a previous marriage. The wife's will has an identical survivor provision naming Robert as sole beneficiary in the event of her death. Further, her will created the Susan G. Mitchem Family Trust if Robert was to predecease her. Her two children are also the beneficiaries of this trust.

First Interstate concedes that the Mitchems' deaths occurred as follows. The wife discovered that she was dying from inoperable terminal cancer. She believed that upon her death, Robert would likely remarry and change the beneficiaries of his will. Consequently, she intentionally killed Robert by shooting him in the back of the head. Immediately thereafter, she committed suicide.

Following the murder-suicide, First Interstate was appointed by the probate court as personal representative of both estates, and it also became trustee under the trusts created by the wills.

Some two years thereafter, plaintiff commenced this action seeking the imposition of a constructive trust upon the assets of Robert's estate after they passed to the wife's estate. Plaintiff also sought a declaration from the district court naming the wife as a trustee *ex maleficio* of the assets she inherited from her husband. Plaintiff bases this claim on the common law principle of *nullus commodum capere potest de injuria sua propria,* i.e., "no one can attain advantage by his or her own wrong."

First National filed a motion to dismiss pursuant to C.R.C.P. 12(b). In its motion, First Interstate asserts, *inter alia,* that the district court lacked subject matter jurisdiction because probate proceedings involving wills of Robert and his wife were pending.

First National contends that § 15–10–302(2), C.R.S. (1987 Repl.Vol. 6B) controls this matter because probate courts "have full power to make orders, judgments, and decrees and take all other actions necessary and proper to administer justice in matters which have come before it."

The plaintiff responds that the imposition of a constructive trust does not affect the determination of heirship or probate distribution. Accordingly, he argues, exclusive jurisdiction does not lie in the probate court and maintains further that the district court is the proper forum for determining his constructive trust claim. We disagree.

The power to determine whether to impose a constructive trust is a matter within the purview of the probate court. *In re Estate of Lembach,* 622 P.2d 606 (1980).

Thus, because the estates of Robert and his wife are pending in the probate court, the issue of whether to impose a constructive trust is within the probate court's jurisdiction.

In light of this determination, plaintiff is bound by the probate code's statute of limitations set forth in § 15–12–412, C.R.S. (1987 Repl.Vol. 6B). That statute requires that a petition for vacating a probate court order must be instituted within twelve-months after the entry of the order sought to be vacated.

On August 11, 1986, the probate court entered an order admitting the wills of Robert and his wife to probate and determining heirship. Contrary to the plaintiff's assertion, the imposition of a constructive trust would effectively negate the probate court's determination of heirship. Consequently, the probate code's statute of limitation is applicable to the constructive trust claim.

Here, the latest date that the plaintiff could have initiated a legal proceeding to contest the determination of heirship was twelve-months after August 11, 1986. The complaint in this action was filed on July 8, 1988, almost two-years after the probate court entered its order. Thus, neither the probate court nor the district court has jurisdiction to proceed on plaintiff's complaint.

In light of this determination, we need not address the plaintiff's remaining allegations of error.

Because we do not deem the plaintiff's claims to be groundless and frivolous, we decline to award attorney fees and costs. *See Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984).

Accordingly the judgment is affirmed.

SMITH and METZGER, JJ., concur.