David J. Thomas Executive Director Department of Public Safety 700 Kipling Street Denver, CO 80215
Dear Mr. Thomas:
I am responding to your March 8, 1991 request for an opinion about the process of approving standards for the administration of the crime victims' compensation fund and the victims' and witnesses' assistance and law enforcement fund.
QUESTION PRESENTED AND CONCLUSION
Whether the Administrative Procedure Act ("APA") requires that approval of standards for the administration of the funds and development of sanctions for violations of those standards be conducted through formal rulemaking.
Yes.
ANALYSIS
Your question concerns the implementation of § 24-4.1-117.5, C.R.S. (1991 Supp.). That statute requires that:
 [T]he board appointed by the governor pursuant to the federal "Victims of Crime Act", 42 U.S.C. § 10601 to 10604, shall approve standards for the administration of the crime victims compensation fund created pursuant to section 24-4.1-117 and the victims and witnesses assistance and law enforcement fund created pursuant to section 24-4.2-103.
Section 24-4.1-117.5(2)(a) provides that a victims compensation and assistance coordinating committee, with the same membership as the board, shall have the authority to develop and impose sanctions for the violation of the standards approved by that board.
You have asked whether formal APA rulemaking must be used in approving standards for the administration of the funds and in developing sanctions for violations of those standards. The rulemaking provisions of the APA apply to any agency that is required or permitted by law to make rules, unless exempted by its enabling statute, § 24-4-103(1), C.R.S. (1988). The pertinent enabling act does not exempt this board and committee from the requirements of the APA.
Under the APA, a "rule" is defined as "the whole or any part of every agency statement of general applicability and future effect implementing, interpreting, or declaring law or policy or setting forth the procedure or practice requirements of any agency." Section 24-4-102(15), C.R.S. (1988). The APA, § 24-4-103, C.R.S. (1988), distinguishes between "binding rules," which must be promulgated in accordance with the APA, and interpretive rules, general statements of policy, or rules of agency organization, which need not be promulgated pursuant to the APA.
The Colorado courts have addressed this issue in numerous cases. In Home Builders Ass'n v. Public UtilitiesComm'n, 720 P.2d 552 (Colo. 1986), the Public Utilities Commission ("PUC") adopted a method for calculating the amount of a monetary deposit, which was applicable only to the Public Service Company and its customers. Even though the method was not applicable to the total population, the Colorado Supreme Court held that it was an "agency statement of general applicability and future effect implementing [and] declaring policy," and thus was a rule within the meaning of the APA.
The court has also held that, where it is foreseeable that an agency's adoption of a standard or methodology will result in a rule of general applicability to future cases involving the same issue, the agency must follow the APA's rulemaking procedures.Charnes v. Robinson, 772 P.2d 62 (Colo. 1989); seealso Weaver v. Department of Social Services,791 P.2d 1230 (Colo.App. 1990) (point system for final determination of eligibility for welfare benefits is "rule" and must be formally adopted under APA); Jefferson School District v.Department of Labor, 791 P.2d 1217 (Colo.App. 1990) (mandatory requirement that employers use payroll statement to calculate taxes owed is "rule" under APA).
Here, the standards for administering the funds and the sanctions for violations of those standards will foreseeably result in rules of general applicability. Affected persons are entitled to reasonable notice and an opportunity to participate in the development of those standards.
SUMMARY
Standards for administering the crime victims' compensation fund and the victims' and witnesses' assistance and law enforcement fund, and sanctions for violations of those standards, are "rules" because they are agency statements of general applicability and future effect that implement or declare law or policy and set forth the procedure or practice requirements of the agency. They must, therefore, be promulgated through formal rulemaking.
Sincerely,
 GALE A. NORTON Attorney General
ADMINISTRATIVE PROCEDURE RULES AND REGULATIONS VICTIMS
Section 24-4.1-117.5, C.R.S. (1991 Supp.) Section 24-4.1-117.5(2)(a), C.R.S. (1991 Supp.) Section 24-4-102(15), C.R.S. (1988) Section 24-4-103, C.R.S. (1988)
CRIMINAL JUSTICE
Approving standards for administering the Crime Victims' Compensation Funds and developing sanction for violations of those standards must be done through formal rulemaking.