**CITY OF COLORADO SPRINGS, a Colorado Municipal Corporation, Plaintiff–Appellant,**

v.

**John TIPTON, as Executive Director of the Department of Revenue of the State of Colorado; Amelie A. Buchanan, as Deputy Director of the Department of Revenue of the State of Colorado; the Department of Revenue of the State of Colorado; and the State of Colorado, Defendants–Appellees.**

No. 94CA1466.

Colorado Court of Appeals, Div. III.

Nov. 9, 1995.

Rehearing Denied Dec. 14, 1995.

James G. Colvin II, City Attorney, M. Allen Ziegler, Jr., Assistant City Attorney, Colorado Springs, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Stephen K. Erkenbrack, Chief Deputy Attorney Gen-

eral, Timothy M. Tymkovich, Solicitor General, Carolyn Lievers, Assistant Attorney General, Denver, for Defendants–Appellees.

Geoffrey T. Wilson, Denver, Amicus Curiae for Colorado Municipal League.

Opinion by Judge BRIGGS.

Plaintiff, City of Colorado Springs (city), appeals the judgment entered, upon cross motions for summary judgment, in favor of defendants, John Tipton, in his capacity as Executive Director of the Department of Revenue of the State of Colorado, Amelie A. Buchanan, in her capacity as Deputy Director of the Department of Revenue of the State of Colorado, the Department of Revenue of the State of Colorado, and the State of Colorado (collectively, state). The city contends that the trial court erred in declining to impose a constructive trust upon use taxes erroneously paid to the state by taxpayers of the city and in failing to grant the city restitution for money had and received. We affirm.

The parties entered into a stipulation of facts for purposes of submitting a claim to the state. While the stipulation limits its applicability to earlier administrative proceedings, both parties relied on those facts before the trial court and continue to rely on them on appeal. We will therefore treat those facts as undisputed.

In 1989, the city audited two business corporations that maintain manufacturing facilities in Colorado Springs. The auditor discovered that the companies had erroneously paid use taxes to the state instead of the city.

Both corporations sought refunds from the state in an amount equal to the city use tax that had accrued during the immediately preceding three-year period allowed for seeking refunds under §§ 39–21–108(2) and 39–26–114(2), C.R.S. (1994 Repl.Vol. 16B). The state paid the refunds, and the companies paid the same amounts over to the city.

The city then filed an administrative claim with the state, seeking to recover nearly $300,000 in use taxes allegedly paid by the two companies to the state instead of the city in 1984, 1985, and 1986, years outside the allowed three-year period. The state refused

the request on the basis that the Executive Director did not have the equitable power necessary to authorize the refund.

The city initiated this action in the trial court. Both parties moved for summary judgment. The city argued, among other things, that the state had been unjustly enriched and that imposition of a constructive trust on the funds erroneously paid to the state was an appropriate remedy. The state responded that the city was now foreclosed from collecting the tax from the taxpayers and that, because no tax was collectible, no benefit had been conferred on the state.

The trial court granted summary judgment for the state. It reasoned that the taxpayers, and not the city, had conferred a benefit on the state. Hence, it concluded that the state had not been unjustly enriched by the city and, therefore, that no constructive trust should be imposed on state funds on behalf of the city.

■ The city argues on appeal that the trial court erred in ruling that the benefit must have been conferred by the city under a theory of unjust enrichment. It contends that it is entitled to a constructive trust because the state was not a bona fide purchaser for value but rather a fortuitous recipient of revenue rightfully belonging to the city. The state responds that the city is not entitled to constructive trust because, among other things, the city is not the equitable owner of the funds. We decline to address the merits of the argument because the city is precluded by its own legislation from now seeking to recover the funds.

City of Colorado Springs Code § 7–2–106(A) provides in pertinent part:

The taxes for any period, together with interest thereon and penalties with respect thereto, imposed by this Article shall not be assessed nor shall any notice of lien be filed, or distraint warrant issued, or suit for collection be instituted, *or any other action to collect the same be commenced*, more than three (3) years after the date on which the tax was or is payable.... (emphasis added)

This section of the ordinance is in the form of a statute of repose rather than a statute of limitation. Hence, the period of time for commencing an action began when the taxes became payable, regardless of when it might be argued the cause of action "accrued." *See Woodmoor Improvement Ass'n v. Property Tax Administrator,* 895 P.2d 1087 (Colo.App.1994).

By its own terms, the provision, like its counterpart in § 39–26–210, C.R.S. (1994 Repl.Vol. 16B), precludes the city from commencing "any ... action to collect" use taxes after the three-year period. "Any" action means "all" actions, *see Austin v. Weld County,* 702 P.2d 293 (Colo.App.1985), and therefore includes equitable as well as legal actions. *See McDowell v. United States,* 870 P.2d 656 (Colo.App.1994). Furthermore, the provision does not distinguish between actions against the taxpayer and actions against other persons or entities.

The result is that the city is precluded from bringing an action, even though equitable in nature, to recover taxes payable for more than three years. *See generally Jefferson County School District R–1 v. Division of Labor,* 791 P.2d 1217 (Colo.App.1990) (recovery of excess taxes paid on basis of estoppel precluded by taxpayer's failure to seek administrative remedy timely); *Mitchem v. First Interstate Bank of Denver,* 802 P.2d 1141 (Colo.App.1990) (claim for constructive trust defeated by probate code's one-year statute of limitations for determination of heirship); *see also Acton Construction Co. v. Commissioner of Revenue,* 391 N.W.2d 828 (Minn.1986).

We recognize that the state and city each have provisions stating that use taxes are "[held] ... in trust for the sole use and benefit of the [city or state] until paid...." *See* City of Colorado Springs Code § 7–2–105(A); § 39–26–118(1), C.R.S. (1994 Repl. Vol. 16B). These provisions, however, do not alter the effect of the statutes of repose. *See F.W. Woolworth Co. v. State,* 699 P.2d 1 (Colo.App.1984).

Therefore, although for different reasons, we find no error in the trial court's refusal to impose a constructive trust in favor of the city and its implicit rejection of the city's claim for money had and received. *See Jardel Enterprises, Inc. v. Triconsultants, Inc.,* 770 P.2d 1301 (Colo.App.1988).

Judgment affirmed.

JONES and RULAND, JJ., concur.