In the Matter of the ESTATE OF Sophie H. SCOTT and William C. Scott, Deceased.

Mark A. Scott, Petitioner–Appellee,

v.

Samuel C. Scott, Respondent–Appellant.

No. 02CA0820.

Colorado Court of Appeals, Div. III.

Aug. 14, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Sims & Boster, C. Garold Sims, Frank W. Suyat, Denver, Colorado, for Petitioner–Appellee.

Hamil/Hecht LLC, J. Lawrence Hamil, Fred Furst, Denver, Colorado, for Respondent–Appellant.

Opinion by Judge ROY.

This appeal is from an order granting a preliminary injunction requested by the petitioner, Mark Scott (grandchild) enjoining Samuel Scott (trustee) from taking other than ministerial actions in the administration of the Spousal Trust. We affirm.

In 1991, William Scott (husband) and Sophia Scott (wife) executed a trust agreement. William Scott executed the agreement individually and trustee executed it as guardian and conservator for Sophia Scott. Trustee and husband were designated trustees. Simultaneously with the execution of the trust, husband also executed his Last Will and Testament. Trustee is the only child of husband and wife.

The trust agreement created three trusts, a Family Trust, a Spousal Trust, and a Generation Skipping Trust. The Family Trust and the Generation Skipping Trust are not at issue here, but a discussion of the Family Trust is required.

The Family Trust terminates May 30, 2015, and the trust assets are then to be distributed to husband's and wife's grandchildren.

The Spousal Trust exists for the life of the surviving spouse, who holds a testamentary general power of appointment. If the power of appointment is not exercised, the assets of the Spousal Trust pour over into the Family Trust.

Upon wife's death in 1992, the Family Trust was funded with her property and a portion of husband's property. The Spousal Trust was funded with the balance of husband's property.

Husband's Last Will and Testament left his residuary estate in accordance with the provisions of the trust and specifically declined to exercise any power of appointment. In 1994, husband executed a First Codicil to his will in which he exercised the testamentary general power of appointment and appointed a portion of the trust necessary to render his estate tax free to a foundation. He did not, however, disturb the distribution of the residual estate to the Family Trust.

In 1997, husband executed a Second Codicil in which he exercised the testamentary general power of appointment, and, as pertinent here, appointed the residuary to remain in trust for the life and benefit of trustee

with the power to invade the principal for the health, maintenance, education, and support of trustee. Upon the death of trustee, the property is to continue in a discretionary trust for the life of husband's grandchildren and then to his descendants by representation.

To make a long story short, if the First Codicil controls, the Spousal Trust terminates on husband's death and its assets are transferred to the Family Trust for ultimate distribution to the grandchildren in 2015; but, if the Second Codicil controls, the assets of the Spousal Trust remain in trust for the life and benefit of trustee with the power to invade the principal for his health, maintenance, education, and support, and then to a discretionary trust for the life of husband's grandchildren, and finally to husband's descendants by representation.

Upon husband's death in 2000, grandchild filed a probate proceeding seeking probate of husband's will and the First Codicil to that will. Trustee then petitioned for probate of the Second Codicil. Grandchild commenced this action against trustee seeking an accounting, damages, disgorgement, and removal of trustee from both trusts.

The probate court bifurcated the case by trust. With respect to the Family Trust, the probate court removed trustee and appointed an independent trustee to prepare an accounting and report. With respect to the Spousal Trust, the probate court concluded that trustee had breached his duty to maintain accounts, found that trustee was liable for his misfeasance and should be surcharged for any loss caused to the beneficiaries of the trust, froze the trust assets, and "enjoined" trustee from performing other than ministerial duties until the determination of which codicil controls the distribution of that trust's assets. The order with respect to the Spousal Trust is before us on appeal.

The parties have informed us that the probate court subsequently denied probate of the Second Codicil and that matter is being appealed separately.

### I.

We initially address grandchild's assertion that this appeal is moot because of the later determination that the Second Codicil is invalid. We disagree.

Grandchild argues that, because the Second Codicil was declared invalid and denied probate, there is no ongoing Spousal Trust for trustee to administer as the assets of the Spousal Trust flow immediately into the Family Trust, which is now administered by an independent trustee. Thus, an injunction is no longer necessary and the appeal is moot.

The central consideration in determining whether an action is moot is whether a change in the circumstances that prevailed at the beginning of litigation has forestalled the prospect for meaningful relief. *Zoning Bd. of Adjustment v. DeVilbiss,* 729 P.2d 353 (Colo.1986). An issue raised on appeal is not moot unless the appellate court's resolution of it would have no practical legal effect upon an existing controversy. *Prefer v. PharmNetRx, LLC,* 18 P.3d 844 (Colo.App.2000).

The probate court has not yet ordered the transfer of the assets of the Spousal Trust to the Family Trust. Nor has it appointed an independent trustee to administer what was formerly the Spousal Trust for the purpose of winding up the affairs of the Spousal Trust. Therefore, trustee still remains in office, albeit with limited powers. For this reason, the restriction on trustee's actions may still be necessary.

Accordingly, we conclude that the case is not moot.

### II.

We next address trustee's assertion that the probate court erred by disregarding the presumptive validity of the Second Codicil. Specifically, he argues the probate court erred in determining that the Second Codicil was insufficient without probate to constitute an exercise of the general power of appointment. We disagree.

Trustee relies, in part, on § 15–15–101(1), C.R.S.2002, which provides:

A provision for a nonprobate transfer on death in [a] ... trust ... is nontestamen-

tary. This subsection (1) includes a written provision that:

. . .

(c) Any property *controlled by or owned by* the decedent before death which is the subject of the instrument passes to a person the decedent designates either in the instrument or in a separate writing, including a will, executed either before or at the same time as the instrument, or later. (emphasis added)

█ Trustee argues that property outside of the probate estate, such as a trust, is nontestamentary property and is not subject to administration under applicable laws relating to decedent's estates. We agree with that proposition so far as it goes.

The *Restatement (Third) of Prop.: Wills and other Don. Trans.* § 1.1(a) at 6 (1999), states:

A decedent's 'probate estate' is the estate subject to administration under applicable laws relating to decedent's estates. The probate estate consists of property owned by the decedent at death and property acquired by the decedent's estate at or after the decedent's death.

With respect to "own" the *Restatement* goes on to state:

Actual ownership, not ownership in substance, is required [to be a part of the probate estate]. The actual ownership must also be beneficial ownership. Non-beneficial ownership, such as that held by a trustee, is not sufficient.

Ownership in substance refers to property that the decedent did not own but over which the decedent had sufficient control, such as through a power to become the owner, to be treated as the owner for some purposes, such as the federal estate tax or the spouse's elective share. Thus, property subject to a revocable trust is part of the decedent's gross estate for purposes of federal estate tax and is subject to the spouse's elective share, but is not part of the decedent's probate estate. The same applies to property in a trust over which the decedent had a general power of appointment. . . . Of course, if the decedent

exercised the general power in favor of his or her own estate . . . [the property is] part of the decedent's probate estate.

*Restatement, supra,* cmt. b at 7.

Thus, the trust assets are not a part of the probate estate and, but for the requirement that the general power of appointment be exercised by will, no probate would be required on this account.

However, trustee further argues that because the Second Codicil distributes property held in a trust, it is not distributing property owned by husband, the property is not part of the probate estate, and the instrument making the distribution need not meet the formalities required for a will and need not be probated. While the argument has merit under other circumstances, here it is not persuasive on the latter point.

Trustee's argument overlooks the fact that the trust agreement expressly provides that the power of appointment must be exercised by *will,* a testamentary instrument, and ignores the implications of § 15–12–102, C.R.S. 2002, which requires that "to be effective to prove the transfer of any property or to nominate an executor, a will must be declared to be valid by an order of informal probate by the registrar, or an adjudication of probate by the court. . . ."

In addition, trustee's argument confuses the assets of the Spousal Trust with the means by which husband must exercise his general power of appointment. One of the obvious purposes of granting a testamentary power of appointment is to ensure that the assets subject to the power will be available for the support of the surviving spouse throughout his or her life.

We are not persuaded by *In re Meyer,* 195 Ariz. 336, 987 P.2d 822 (Ariz.App.1999), in which, the trustee intended to distribute the assets in the trust in accordance with a default distribution contained in the trust instrument because he had not been notified, as the trust required, of the exercise of the power within three months of death. The court construed and applied a statute identical to § 15–15–101(1)(c), and held that the statute obviated probate of a will in which a testamentary limited power of appointment

was exercised. As pertinent here, the *Meyer* court held that, because the statute permits the power of appointment to be exercised in the original instrument or by separate writing including a will, the will is sufficient to exercise the power even if it is not probated. We construe the statute differently.

In our view, the statute is not intended to expand the means by which a testamentary power of appointment may be exercised, nor does it obviate the requirement that a testamentary instrument be probated. The statute merely makes it clear that the exercise of a power of appointment in a will does not make the transfer testamentary, nor does it make the transferred asset a part of the probate estate.

Therefore, we reject trustee's argument that § 15–15–101(1) controls and that the Second Codicil does not need to meet the formalities and requirements for wills nor be probated.

We conclude that when, as here, the trust instrument provides that a power of appointment may only be exercised in a will, the instrument exercising the power must satisfy the statutes relating to wills and be probated in order to exercise and implement the power of appointment.

## III.

Finally, trustee argues that grandchild failed to establish grounds for a preliminary injunction and thus the probate court erred in entering an injunction against trustee. We perceive no reversible error.

Here, the probate court ordered that the remaining assets of the Spousal Trust may not be distributed, moved, sold, or encumbered until further order of court. Relying on *Rathke v. MacFarlane*, 648 P.2d 648 (Colo.1982), the probate court further ordered that trustee was prohibited from engaging in any transactions involving the assets of the Spousal Trust other than those which are purely ministerial and necessary to maintain and protect the trust assets. We conclude the probate court had adequate authority to limit trustee without the necessity of resorting to, and satisfying the require-

ments of, injunctive relief under *Rathke v. MacFarlane, supra.*

The parties agree that the probate court has authority to freeze the assets of the trust. The probate court has jurisdiction to determine "every legal and equitable question arising in connection with decedents' . . . estates, so far as the question concerns any person . . ." Section 13–9–103(3), C.R.S.2002. In addition, the probate court has jurisdiction to determine "every legal and equitable question arising out of or in connection with express trusts." Section 13–9–103(5), C.R.S. 2002.

Moreover, probate courts have the authority to administer the internal affairs of trusts. They have authority over the administration and distribution of trusts, the declaration of rights, and the determination of other matters involving trustees and beneficiaries of trusts. *See* § 15–16–201, C.R.S. 2002. This authority includes instructing trustees, § 15–16–201(1)(c), to take "actions not expressly within, or even forbidden by, the terms of the trust if necessary to accomplish the purpose of the trust." *In Re Matter of First Interstate Bank*, 767 P.2d 792, 796 (Colo.App.1988).

The goal of the probate court in entering the orders was to preserve the status quo and not to permit any further depletion of the Spousal Trust until it determined the proper distribution of the trust. Thus, it was necessary for the probate court to order trustee to refrain from taking any further action, other than administrative, with the trust's assets.

We further agree with grandchild that, while the probate court's order sounds in injunction and relies on authority relating to injunctive relief, the probate court does not need to resort to injunctive relief. We conclude that the probate court had the authority, in the appropriate circumstances, to instruct trustee to act or not act to carry out the court's goal in the administration of such trust without relying on C.R.C.P. 65. *See* § 15–16–201(1)(c); *see also Mitchem v. First Interstate Bank*, 802 P.2d 1141 (Colo.App. 1990).

Moreover, the probate court found with record support that trustee had breached his fiduciary duties, by misleading the Internal Revenue Service about certain transactions, by failing to submit accountings of his activities; and, after the death of husband, by making several suspect distributions to himself. Accordingly, we conclude that the probate court did not abuse its discretion in ordering trustee to refrain from removing assets from the trust.

The order is affirmed.

Judge MARQUEZ and Judge DAILEY concur.