23CA1677 Schreiber v Colo Dept of Rev 08-15-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1677 Jefferson County District Court No. 23CV98 Honorable Lindsay VanGilder, Judge Amanda Schreiber, Plaintiff-Appellant, v. Colorado Department of Revenue, Division of Motor Vehicles, Defendant-Appellee. JUDGMENT AFFIRMED Division VII Opinion by JUDGE TOW Gomez and Kuhn, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 15, 2024 Amanda Schreiber, Pro Se Philip J. Weiser, Attorney General, Danny Rheiner, Assistant Solicitor General, Denver, Colorado, for Defendant-Appellee 
1 ¶ 1 Plaintiff, Amanda Schreiber, appeals the district court’s dismissal of her action to reinstate her driver’s license. We affirm. I. Background ¶ 2 Schreiber refused to take a blood alcohol test during a traffic stop. Defendant, the Colorado Department of Revenue, Division of Motor Vehicles (the Department), then revoked her license in April 2022. See § 42-2-126(3)(c)(I), C.R.S. 2023 (stating first refusal to take a blood alcohol test results in a one-year license revocation). Schreiber did not request a hearing with the Department to review the revocation. ¶ 3 Instead, over a year later in May 2023, Schreiber filed a complaint in district court for judicial review of the Department’s decision. She alleged that, because she was acquitted in the related prosecution for driving under the influence, the revocation of her license should be reversed. The Department moved to dismiss the case, arguing that Schreiber’s complaint was untimely and failed to state a claim. The district court agreed that it was untimely and dismissed the case. 
2 II. Jurisdiction ¶ 4 As a preliminary matter, we reject the People’s argument that we lack jurisdiction to consider whether the district court properly dismissed Schreiber’s complaint. The Department cites Jefferson County School District R-1 v. Division of Labor, 791 P.2d 1217, 1219-
20 (Colo. App. 1990), for the proposition that filing a timely petition for judicial review is a jurisdictional requirement for both the district court and the court of appeals. But the Department misunderstands the holding of that case. ¶ 5 There, a division of this court concluded that the district court lacked jurisdiction to review the agency’s action due to the untimely request for judicial review. Id. The division did not conclude that the appellate court lacked jurisdiction to consider the district court’s action. Indeed, if the division had concluded it lacked jurisdiction, 
3 it would have dismissed the appeal rather than issuing an opinion addressing the merits.
1 ¶ 6 In this context, we are not reviewing the agency’s action but, rather, whether the district court appropriately dismissed the complaint. “Just as a court has jurisdiction to determine its own jurisdiction, we have jurisdiction to decide if the district court has jurisdiction.” Colo. Jud. Dep’t v. Colo. Jud. Dep’t Pers. Bd. of Rev., 2021 COA 82, ¶ 2 n.1 (citation omitted), aff’d, 2022 CO 52. We turn, then, to that question. III. Timeliness of Complaint ¶ 7 A person whose license is revoked has thirty-five days from the Department’s final decision to seek judicial review in district court. § 42-2-126(9)(a). Unless a hearing is requested, the Department’s revocation is final. § 42-2-126(6)(a). The Department revoked Schreiber’s license in April 2022, and she did not seek judicial 1 The fact that the division elected not to address certain secondary arguments cannot fairly be read as a conclusion that the court of appeals lacked jurisdiction. Rather, in context, the division was simply reiterating that, because no timely request for judicial review had been filed, it would not disturb the district court’s decision that it lacked jurisdiction. Jefferson Cnty. Sch. Dist. R-1 v. Div. of Lab., 791 P.2d 1217, 1220 (Colo. App. 1990). 
4 review until May 2023, well after the thirty-five-day deadline. “Where a statute provides a right of review of an administrative decision, the statute is the exclusive means to secure review. A petitioner’s failure to comply strictly with the statutory procedure deprives the district court of jurisdiction.” Associated Gov’ts of Nw. Colo. v. Colo. Pub. Utils. Comm’n, 2012 CO 28, ¶ 8 (citation omitted). Because the district court did not have jurisdiction to consider Schreiber’s complaint, it was required to dismiss her case. ¶ 8 Schreiber’s arguments on appeal all go toward the merits — contending that the initial traffic stop was unconstitutional.
2 She does not develop any arguments as to why her complaint was timely or why — despite her untimeliness — the district court had 2 We note that in her district court complaint, Schreiber alleged that she had been acquitted of the charge, while on appeal she asserts that “the jury concluded that the investigation, including the initial stop and the arrest[,] was unconstitutional.” This second statement is incorrect, as the constitutionality of a traffic stop is a question of law for the court (which, the record reflects, had denied Scheiber’s motion to suppress evidence), not a question of fact for the jury. Regardless, the outcome of the criminal case is irrelevant to whether the Department properly revoked Schreiber’s driver’s license because she refused to submit to testing. § 42-2-126(6)(a), C.R.S. 2023 (“The disposition of the criminal charges shall not affect any revocation under this section.”). 
5 jurisdiction to hear her case. Accordingly, we do not consider Schreiber’s merits-related arguments. IV. Disposition ¶ 9 The judgment is affirmed. JUDGE GOMEZ and JUDGE KUHN concur.